ERNEST W. CLEMENS, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 10026.   Promulgated January 23, 1947.

*Ernest W. Clemens* pro se.
*Stanley B. Anderson, Esq.*, for the respondent.

OPINION.

Harlan, *Judge*: The amount of the contributions for charitable purposes and the amount of the medical expenses involved are not in dispute. Nor is there any question that the amount of $1,874.31, claimed by petitioner as an allowable deduction, is computed in accordance with the limitation applicable to medical expenses under section 23 (x) of the Internal Revenue Code.

The only question presented is whether such expenditures are the separate deductions of petitioner, as claimed in his income tax returns, or whether they are community deductions of petitioner and his wife, who filed separate returns for the respective years 1942 and 1943.

It is the contention of the respondent that they are community deductions. This contention is based upon the fact that the separate income of the petitioner and the community income of petitioner and his wife were deposited and commingled in one bank account.

The petitioner admits that both his separate income and that of the community were deposited originally in the National Bank of Commerce, but contends that all the community income was expended for community purposes and that the contributions and medical expenses here in question were paid by him from his separate funds and are therefore deductible by him.

It appears from the record that during the taxable year 1943 the net community income as reported in the income tax return of both petitioner and his wife was $8,388.33 and the separate net taxable income of petitioner was $24,234.73. These funds were all deposited in the first instance in the same bank in petitioner's account, and were all checked out by him. During the taxable year expenditures for the benefit of the community were paid by petitioner as follows:

| | |
|---|---|
| Family and living expenses | $5, 650. 00 |
| Rent for family residence | 1, 455. 00 |
| Medical expenses | 3, 295. 75 |
| Total | 10, 400. 75 |

It appears from the record that the community net income after the payment of income taxes was $6,284.65. It is obvious, therefore, that the expenditures made by petitioner for community purposes were

$4,116.16 in excess of the net community income. From these facts the petitioner argues that there was not such a "commingling" of separate and community funds as to make it impossible to determine the source of the payments and, since the amount paid for rent and for family and living expenses was in excess of the net community income, the amounts paid for medical expenses and the contributions in question were paid from his separate income.

It is well settled that spouses domiciled in a community property state may divide their community income equally in separate returns, and that deductions properly chargeable against such returns should be equally divided between the spouses, but, where contributions are made by one of the spouses from his or her separate funds, such spouse is entitled to deduct them in full, *Mellie Esperson Stewart*, 35 B. T. A. 406; affd., 95 Fed. (2d) 821. The burden, however, is on the spouse claiming the deductions to show by competent evidence that he or she is entitled to the deductions claimed.

The medical expenditures here in question were undoubtedly community expenses and payable from community income, if any.

It is true, as petitioner argues, that as head of the family he was liable for its support, cf. *Corbett* v. *Wade*, 124 S. W. (2d) 889, and if the medical expenses were paid from his separate income he would be entitled to the deduction claimed, but the burden is on him to show that they were paid from his separate income. This he has failed to do. The record shows that the community expenditures were not all made at one time, but were made from time to time during the years. Some of these expenditures, such as rent and family living expenses, were not deductible from gross income, but a portion of the medical expenditures was deductible. Since the community net income was not sufficient to pay all the community expenses, petitioner has allocated all community income to the payment of nondeductible expenses and contends that the deductible portion was paid from his separate income. The evidence before us does not substantiate this contention. The medical expenses were community expenses, payable primarily from community income, cf. *Clark* v. *First National Bank*, 210 S. W. 677; *In re Tompkins Estate*, 11 Pac. (2d) 886; *Huber* v. *Huber*, 167 Pac. (2d) 708; *George W. Van Vorst*, 7 T. C. 826, and when paid from a bank account where community and separate funds are commingled it may be assumed that they are paid from community funds unless there is evidence that they were paid from separate funds. It may well be that when checks were drawn for medical expenses there were community funds in the bank to meet them and when checks were drawn for rent or living expenses no community funds were available. The petitioner has offered no evidence to show that they were actually paid from his separate funds or that they

were charged against his separate account. The Commissioner's determination as to the medical expenses is therefore affirmed.

As to the contributions in question, the situation is reverse. Contributions are not community expenses and the husband, who, as the manager of the community, is the agent of his wife in the management, control, and disposition of community property, *Atkins* v. *Dodds*, 121 S. W. (2d) 1010, may not give her interest to a stranger. *Watson* v. *Harris*, 130 S. W. 237. It may be assumed, therefore, where, as here, there are commingled funds deposited to the account of the husband, that a check for contributions given by him is against his separate funds and not the funds of the community. Moreover, there is nothing in the record to indicate any consent by the wife to such contributions. We hold, therefore, that the contributions in question were made from the petitioner's separate funds and he is entitled to the deductions claimed for contributions.

*Decision will be entered under Rule 50.*