ROBERT A. SHARON, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

OLIVE J. SHARON, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 14467, 14468. Promulgated June 24, 1948.

*E. Roy Gilpin, Esq.*, for the petitioners.
*Whitfield J. Collins, Esq.*, for the respondent.

#### OPINION.

MURDOCK, *Judge*: The Commissioner determined a deficiency of $1,724 in income and victory tax for 1943 in the case of each petitioner. The only issue for decision is whether alimony payments made by Robert to his first wife are deductible equally by him and Olive, his second wife, or whether he must take the entire deduction himself. The parties have filed a stipulation, which is adopted as the findings of fact.

The petitioners, husband and wife, were domiciled in Texas and filed separate returns for 1943 on the community property basis with the collector of internal revenue for the second district of Texas.

Robert was formerly married to Hazel. They were divorced and later he married Olive.

Robert and Hazel had a separation agreement, incident to their divorce, which was still in effect during 1943 and under which he made payments to Hazel of $10,050 in 1943. Hazel included the $10,050 as taxable income in her return for 1943.

The respondent concedes that the $10,050 was deductible under section 23 (u).

Robert and Olive each deducted one-half of that amount on their returns for 1943. The Commissioner, in determining the deficiencies

against them, disallowed the deduction of $5,025 claimed by each, but now contends that he should have allowed Robert to take a deduction of $10,050, representing the entire amount of the alimony payments to Hazel.

The petitioners contend that the deduction allowed by section 23 (u), like other deductions allowed by section 23, can be divided equally between two spouses domiciled in a community property state and filing separate returns in accordance with the community property laws of that state if it was a community obligation. This claim, that payments in discharge of a husband's obligation to pay alimony to his first wife may be shared as deductions by his second wife, is somewhat startling, particularly since section 23 (u) starts out with the words "In the case of a husband described in section 22 (k)." However, it must be remembered that neither that provision nor any other of section 23 allowing deductions recognizes in any way that deductions may be shared under community property returns. The question of what deductions allowed by section 23 may be shared requires reference to the applicable state law. *Poe* v. *Seaborn*, 282 U. S. 101. The petitioners contend and the Commissioner concedes that an antenuptial debt or obligation of a husband is collectible out of community property after the community is established in Texas. *Lee* v. *Henderson*, 75 Tex. 190; 12 S. W. 981; *Portis* v. *Parker*, 22 Tex. 699; *Crim* v. *Austin*, 6 S. W. (2d) 348. The petitioners then argue that any deduction allowed by section 23 can be divided between the two spouses filing separate returns while domiciled in the community property state, if the deduction is incident to the production of community income or if it represents an obligation which is collectible out of community property. They cite *Alice G. K. Kleberg*, 43 B. T. A. 277; *Irma Jones Hunt*, 47 B. T. A. 829; *Ernest W. Clemens*, 8 T. C. 121; *Lottie Zukor*, 43 B. T. A. 825.

The respondent relies upon *Lottie Zukor, supra*. It was held in that case that the deduction was not divisible because it was not shown to have been collectible out of community funds under the laws of California. But the opinion recognizes that a deduction can be divided between the members of a community if it represents an obligation collectible out of community funds. Here, the petitioners have demonstrated that this particular obligation was collectible out of community funds and, furthermore, the record shows that the payments during the taxable years were actually and legally made out of community income without any recourse on the part of the wife. It is proper, under such circumstances, that her share of the community income should be offset by a deduction for this payment made out of that income.

*Decision will be entered under Rule 50.*