Richard L. Bruce v. Commissioner.
Bruce v. Commissioner
Docket No. 6148-69-SC.
United States Tax Court
T.C. Memo 1970-359; 1970 Tax Ct. Memo LEXIS 6; 29 T.C.M. (CCH) 1786; T.C.M. (RIA) 70359; December 31, 1970, Filed Richard L. Bruce, pro se, 308 N. Robinson, Cleburne, Tex.John W. Dierker, for the respondent. GUSSIS
Memorandum Findings of Fact and Opinion GUSSIS, Commissioner: Respondent determined a deficiency in the petitioner's Federal income tax for the year 1967 in the amount of $240. The issue is whether the petitioner is entitled to dependency deductions in 1967 for his two stepchildren. Findings of Fact Richard L. Bruce, hereinafter called the petitioner, was a resident of Cleburne, Texas at the time the petition in this case was filed. Petitioner filed his Federal income tax return for the year 1967 with the district director *7 of internal revenue, Austin, Texas. Frances C. Whitson was married to the petitioner on November 27, 1965 in Glen Rose, Texas. Brenda and Dale Mills were her children from a former marriage and, under the divorce decree, Mr. Mills was obligated to make child support payments for the two children. In January 1967, Frances received a payment of $710 representing arrearages of the child support payments and during the remainder of 1967, she received weekly payments of $30 for the support of her children. From January 1, 1967 until some time in September 1967, petitioner lived together with Frances and the two children in or about Cleburne, Texas. Some time in August 1967, Frances filed a petition for divorce and on November 3, 1967 the divorce was granted. Petitioner was employed by the Johns-Manville Products Corporation in 1967 and he reported wages from the corporation in the amount of $4,381.63 on his 1967 income tax return. After October 31, 1967 petitioner was no longer employed. Petitioner made no payments to Frances for her support or for the support of the two children after the separation in September 1967. During the year 1967 Frances was employed as a receptionist *8 and switchboard operator at the Kimbro Clinic and received total wages for 1967 in the amount of $2,692.28. Petitioner, Frances and the two children received free medical care at the clinic in 1967. After the separation in September 1967, Frances received financial help from her father for the support of the children. She also received financial help in the remaining months of 1967 from the individual who became her husband after her divorce from petitioner. Petitioner did not provide more than one-half of the total support of his stepchildren, Brenda and Dale Mills, for the year 1967. Opinion The issue is whether, within the meaning of sections 151 and 152 of the Internal Revenue Code of 1954, petitioner is entitled to dependency deductions in 1967 for his two stepchildren. In order to be entitled to such deductions, the petitioner has the burden of showing the total support received by the claimed dependents and that he has contributed more than one-half of such support. Aaron F. Vance, 36 T.C. 547 (1961). [1]
Petitioner *9 has failed to meet his burden of proof. He merely testified that his wages for 1967 in the amount of $4,381.63 "all went for bills" and that these bills were for the whole family. He made no effort to pinpoint the amounts specifically expended for the support of the two children. His 1787 testimony shows that he did not contribute anything toward their support after his separation from his wife some time in September 1967. Petitioner's former wife, Frances, testified that after the separation in 1967 she managed to support the two children with financial help from her father and from the man she later married. Also available to her for use in the children's support were her own earnings from her job as receptionist in a medical clinic and the weekly payments for child support made by her former husband. It is readily apparent that, on this record, petitioner has completely failed to establish one of the essential elements of his case, i.e., the total support expended for the children's support in 1967. Moreover, he has completely failed to show what amounts he contributed toward the support of each of the children. From the testimony of petitioner's former wife, it appears that *10 he did not consistently bring all of his wages home so we have no idea what portion of petitioner's total 1967 wages found its way into the family group. Quite apart from the complete failure of proof by petitioner, the respondent argues that petitioner could not have contributed over one-half of the support of the two children during the approximately nine months of 1967 that he lived with his family because during that period of time he and his then wife earned community income which belonged equally to both of them. See Tex. Rev. Civ. Stat. Ann. Art. 4619, sec. 1 (Vernon); [2] see also Christine K. Hill, 32 T.C. 254 (1959). Respondent's argument finds support in Robert W. Jorg, 52 T.C. 288 (1969) in which we held that, under the community property laws of the state of Washington, payments made by both spouses from community funds were equally divisible between husband and wife. We agree with respondent that under the commuity property laws of Texas each of the spouses, by contributing community income, must be deemed to have supported the two children equally during the first nine months of 1967. Since petitioner readily admitted that he contributed nothing *11 to the support of the two children in the remaining months of the year, it is again obvious that he has failed to meet his burden of showing that he contributed more than one-half of their support during the year 1967.
We hold that petitioner is not entitled to the two dependency deductions claimed by him in 1967. Reviewed and adopted as the report of the Small Tax Case Division. Decision will be entered for the respondent. 1 Footnotes
1. Subsection 152(e), which is made applicable to years beginning after December 31, 1966, does not apply to the fact situation before us.↩
2. Article 4619, section 1↩, states in part as follows: "All property acquired by either the husband or wife during marriage, except that which is the separate property of either, shall be deemed the common property of the husband and wife; and all the effects which the husband and wife possess at the time the marriage may be dissolved shall be regarded as common effects or gains, unless the contrary be satisfactorily proved. * * *"