MICHAEL JOSEPH NOVIK, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Novik v. Commissioner
Docket No. 7703-80.
United States Tax Court
T.C. Memo 1981-446; 1981 Tax Ct. Memo LEXIS 291; 42 T.C.M. (CCH) 801; T.C.M. (RIA) 81446; August 24, 1981. Michael Joseph Novik, pro se. James Posedel, for the respondent. DAWSON
MEMORANDUM FINDINGS OF FACT AND OPINION DAWSON, Judge: This case was assigned to and heard by Special Trial Judge Daniel J. Dinan, pursuant to the provisions of section 7456(c) of the Internal Revenue Code[1] and Rules 180 and 181, Tax Court Rules of Practice and Procedure.[2] The Court agrees with and adopts his opinion which is set forth below. *294 OPINION OF THE SPECIAL TRIAL JUDGE DINAN, Special Trial Judge: Respondent determined a deficiency in petitioner's 1976 Federal income tax in the amount of $ 1,115 and an excise tax deficiency of $ 90 under section 4973(a). The issues for decision are (1) whether petitioner is entitled to a theft loss deduction, (2) whether petitioner is entitled to a capital loss due to the foreclosure on two parcels of real property and the carry-over of a long-term capital loss, (3) whether petitioner is entitled to a deduction under section 219 for amounts apid to an Individual Retirement Account (IRA), and (4) whether petitioner is liable for the 6% excise tax pursuant to section 4973(a) for excess contributions to an IRA. Issue I
Petitioner testified at trial that during 1976 a stereo, a television set, and a diamond ring were stolen from his apartment. Petitioner did not report the theft to the police because he believed that he would be unable to recover the property even if he reported that it was missing. Petitioner felt this way as a result of an unsuccessful search by the police for property he reported as missing in a prior break-in of his apartment. On his 1976 return, *295 petitioner reported a theft loss in the amount of $ 1,798.00 based on the 1976 fair market value of the property. The basis to petitioner of this property was at least $ 1,798.00. Section 165(c)(3) allows a deduction (less the $ 100 limitation) for the loss of property due to theft. The amount of the deduction is the lesser of the fair market value or the adjusted basis of the property. Section 1.165-7(b) and 1.165-8(c), Income Tax Regs.
After considering all the evidence in this case, we conclude that petitioner has shown his loss to be from theft. Although a report was not filed with the police, we do not find that to be fatal to petitioner's entitlement to a theft loss deduction. See Jorg v. Commissioner, 52 T.C. 288 at 291 and 294 (1969). Accordingly, petitioner is entitled to a theft loss deduction for the year 1976 in the amount of $ 1,798.00 (less the $ 100 limitation). Issue II
Petitioner purchased two parcels of real property during 1964: One parcel was located in Los Angeles County and the other one was situated in Kern County. Petitioner executed a deed of trust in favor of Statler Land Development Corporation in June of 1964 with respect *296 to the Los Angeles County property. The total purchase price was $ 4,995.00--petitioner put a downpayment of $ 1,500.00 on the property and the remaining principal sum of $ 3,495.00 was secured by a deed of trust. The obligation secured by the deed of trust was declared to be in default on June 3, 1974, after petitioner had made additional payments in the amount of $ 525.00 on the property. On the same day, the beneficiary of the deed of trust gave notice of his election to sell the property pursuant to the terms contained in the deed of trust. On his 1976 return, petitioners stated that the foreclosure on the Los Angeles County property occurred on January 4, 1976, and he reported a long-term capital loss of $ 2,025.00. Petitioner executed a deed of trust in favor of M & G Land Company on May 27, 1964, with respect to the Kern County property. The total purchase price was $ 8,000.00--petitioner put a downpayment of $ 2,000.00 on the property and the remaining principal sum of $ 6,000.00 was secured by a deed of trust. The obligation secured by the deed of trust was declared to be in default on May 16, 1968, after petitioner had made additional payments in the amount of $ 1,280.00 *297 on the property. On September 24, 1968, the property was sold to M. & G Land Company at public auction. On his 1976 return, petitioner stated that the foreclosure of the Kern County property occurred on January 4, 1976, and he reported a long-term capital loss of $ 3,280.00. Petitioner also reported a long-term capital loss carryover of $ 2,930.00. He contends that this loss extends from the foreclosure on two additional pracels of land purchased in Kern County in 1964. It is well settled that the event of forcelosure is a "sale" precipitating the recognition of the gain or loss realized on the event. Helvering v. Hammel, 311 U.S. 504 (1941). Although petitioner contends that the foreclosures took place in 1976, it is clear from the record that the Los Angeles County property was foreclosed on in 1974 and the Kern County property was foreclosed on in 1968. Accordingly, we find that petitioner is not entitled to a capital loss for 1976 due to the foreclosure on either of the above properties as the losses were not claimed in the correct taxable year. With respect to the capital loss carryover, petitioner has failed to provide adequate documentation or testimony *298 to convince this Court that the property which he allegedly owned in Kern County was foreclosed on. Absent such evidence, we have no choice but to disallow petitioner's claimed capital loss. Issues III & IV
Petitioner established an IRA with Union Bank in Los Angeles during 1976 and contributed $ 1,500.00 to the account during that year. During 1976, he was a member of the International Brotherhood of Electrical Workers, Local 11 in Los Angeles. However, throughout most of 1976 he was employed through Local 569 in San Diego on a permit. As a member of this union, petitioner was a participant in the San Diego Electrical Pension Trust which was a qualified trust under section 401(a). Contributions were made to the trust on petitioner's behalf during 1976. On his 1976 return, petitioner deducted the $ 1,500.00 contribution to his IRA. Respondent disallowed the claimed deduction in full and asserted the 6% excise tax under section 4973(a). Section 219(a) allows a deduction from gross income for cash contributions to an IRA. Section 219(b)(1) limits the amount of such deduction to the lesser of $ 1,500.00 or 15% of the individual's compensation includable in his gross *299 income for such taxable year. However, section 219(b)(2) disallows any deduction under section 219(a) for the taxable year if the individual claiming the deduction was an active participant in a qualified pension plan under section 401(a) for any part of such taxable year. Section 4973(a) imposes a nondeductible excise tax of 6% on any excess contribution to an IRA. Section 4973(b) defines "excess contributions" as the excess of the amount contributed for the taxable year to the accounts, over the amount allowable under section 219. Since petitioner was a participant in the San Diego Electrical Pension Trust during 1976, a trust qualified under section 401(a), petitioner is not entitled to deduct amounts which he contributed to his IRS. In addition, since no deduction is allowable under section 219, the $ 1,500.00 contributed by petitioner is an excess contribution subjection to the 6% excise tax under section 4973(a). Orzechowski v. Commissioner, 69 T.C. 750 (1978), affd. 592 F.2d 677 (2nd Cir. 1979). Decision will be entered under Rule 155. Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated. ↩
2. This case was originally processed as a Small Tax Case under section 7463 of the Internal Revenue Code of 1954. However, because one of the issues involves the excise tax under section 4973, which issue does not fall within the ambit of section 7463, the case was removed from the "S" category by Order of the Chief Judge dated July 29, 1981, and assigned to Special Trial Judge Dinan pursuant to Rule 180 of the Tax Court Rules of Practice and Procedure↩ with the proviso that the provisions under Rule 182 of those Rules should not be applicable.