JOAN D. THOMPSON, PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

GENE E. THOMPSON, PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket Nos. 15111–80, 15112–80.     Filed April 8, 1982.

Gene E. Thompson, pro se.
*Linda Bourquin*, for the respondent.

IRWIN, *Judge*: Respondent determined deficiencies in petitioners' Federal income tax and additions to tax as follows:

| | | | | Additions to tax | |
| Docket No. | Petitioner | Year | Deficiency | Sec. 6651(a) | Sec. 6653(a) |
|---|---|---|---|---|---|
| 15111–80 | Joan D. Thompson | 1976 | $546.58 | | $27.33 |
| | | 1977 | 280.00 | $70.00 | 14.00 |
| | | 1978 | 470.00 | 117.50 | 23.50 |
| 15112–80 | Gene E. Thompson | 1976 | 617.66 | 6.29 | 30.88 |
| | | 1977 | 968.89 | 242.22 | 48.44 |
| | | 1978 | 1,344.66 | 336.17 | 67.23 |

The issues for decision are: (1) Whether petitioners are entitled to compute their Federal income taxes pursuant to the joint return tax rates set forth in section 1(a)[1] for 1976, 1977, and 1978, and (2) whether the additions to tax determined by respondent should be sustained.

### FINDINGS OF FACT

Some of the facts have been stipulated. The stipulation of facts and the exhibits attached thereto are incorporated herein by this reference.

When the petitions in these consolidated cases were filed, petitioners Joan D. Thompson (hereinafter sometimes referred to as Joan) and Gene E. Thompson (hereinafter sometimes referred to as Gene), husband and wife, resided in Pineville, La.

In 1976, Gene received income from AFCO Industries and Morace Advertising in the amounts of $9,942.38 and $899.75, respectively. Gene received income from Morace Advertising in the amounts of $8,720.11 and $10,798.28 during 1977 and 1978, respectively.

---

[1]All statutory references are to the Internal Revenue Code of 1954. as amended, unless otherwise indicated.

Petitioners filed a Form 1040 with attachments for 1976. On the Form 1040, petitioners listed the taxpayers as "Gene E & Joan D Thompson," checked the filing status box for "Married filing joint return," set forth their social security numbers, address, and occupations, entered $1,185.04 as having been withheld for Federal income taxes, and claimed three exemptions. The remaining entries on the Form 1040 consist of the words "Object: Self-incrimination" or "None." Both petitioners dated and signed the Form 1040 under penalties of perjury. Fourteen pages of materials attached to the Form 1040 contain various constitutional and general objections to Federal income taxation.

For each of the years 1977 and 1978, petitioners filed a Form 1040A with the Internal Revenue Service Center at Austin, Tex. Both Forms 1040A contain the names, social security numbers, occupations, address, and signatures of Joan and Gene. Petitioners designated their filing status as "Married filing joint return" and claimed three exemptions on each of the Forms 1040A. The remaining entries on the Forms 1040A consist of the words "Object: Self-incrimination" or "None." Attached to the 1977 and 1978 Forms 1040A were documents essentially identical to those appended to the 1976 Form 1040.

Of the three exemptions claimed by petitioners on each of the forms filed by them, one exemption was claimed for their daughter, Wendina.

Respondent issued separate notices of deficiency to Gene and Joan for the years in issue. In the notice of deficiency issued to Gene, he determined that Gene had unreported income of $5,421.07 for 1976, $4,360.06 for 1977, and $5,399.14 for 1978. In the notice of deficiency issued to Joan, respondent determined that she had unreported income of $5,421.06 for 1976, $4,360.05 for 1977, and $5,399.14 for 1978, one-half of the community income of Gene and Joan for each of those years. Respondent thereafter used the rates applicable in the case of married individuals filing separate returns to calculate the deficiencies in question, allowing each petitioner a standard deduction, personal exemption, and the general tax credit for 1975 and imposing a self-employment tax on all income received from Morace Advertising in calculating the deficiencies determined against Gene. Finally, respondent imposed the

additions to tax under section 6651(a) and section 6653(a) as set forth at the outset of this opinion.

## OPINION

Petitioners maintain that they are entitled to use the tax rates applicable to married individuals filing joint returns. Section 1(a) provides that such rates are to be used to determine the tax imposed on the taxable income of "every married individual * * * who makes a single return jointly with his spouse under section 6013." Thus, a joint return must be filed in order for the tax rates provided by section 1(a) to be applicable. Furthermore, if taxpayers have failed to file returns, the election to make a joint return may not be made after respondent has issued a notice of deficiency to either spouse based on rates for separate returns, and the spouse to whom such notice was issued has filed a petition with this Court. Sec. 6013(b)(2)(C). See *Durovic v. Commissioner*, 54 T.C. 1364, 1401–1402 (1970), affd. on this issue 487 F.2d 36, 41–42 (7th Cir. 1973); *Dritz v. Commissioner*, 427 F.2d 1176 (5th Cir. 1970), affg. per curiam a Memorandum Opinion of this Court.

Respondent contends that the Form 1040 with attachments filed by petitioners for 1976 and the Forms 1040A with attachments filed by petitioners for 1977 and 1978 do not contain sufficient information to constitute income tax returns and, therefore, that petitioners failed to file returns for each of the years in issue. He further contends that the circumstances of petitioners are clearly covered by section 6013(b)(2)(C) and *Dritz v. Commissioner, supra*, and that they, therefore, are not entitled to use the rates applicable to joint returns.

Petitioners, on the other hand, maintain that the documents filed by them constitute returns. They further maintain that denying them the benefits of filing a joint return amounts to punishing them for having asserted their Fifth Amendment right against self-incrimination in the documents filed by them and has the effect of superseding such constitutional privilege. We disagree with both contentions of petitioners.

It is well settled that a Form 1040 (or Form 1040A) which fails to contain sufficient information from which respondent can compute and assess the tax liability of a particular

taxpayer does not constitute "a return." *Reiff v. Commissioner*, 77 T.C. 1169 (1981). To qualify as a return, the Form 1040 must "state specifically the amounts of gross income and the deductions and credits claimed." *Conforte v. Commissioner*, 74 T.C. 1160, 1195 (1980), on appeal (9th Cir., Aug. 28, 1981) (holding that Forms 1040 containing only the taxpayers' names, address, social security numbers, filing status, exemptions, an amount designated as taxable income, and computations of income and self-employment tax did not constitute viable returns). See *Cupp v. Commissioner*, 65 T.C. 68, 79 (1975), affd. 559 F.2d 1207 (3d Cir. 1977). "In our self-reporting tax system the government should not be forced to accept as a return a document which plainly is not intended to give the required information." *United States v. Moore*, 627 F.2d 830, 835 (7th Cir. 1980); *McCaskill v. Commissioner*, 77 T.C. 689, 698–699 (1981). In the instant case, the Form 1040 filed for 1976 and the Forms 1040A filed for 1977 and 1978 did not contain the essential information from which petitioners' tax liability could be computed. Accordingly, we find that petitioners failed to file returns for 1976, 1977, and 1978.

As noted by the Fifth Circuit, to which an appeal in the present case would lie, the courts are in agreement that a "protest return" of the type filed by petitioners "cannot be justified solely under the Fifth Amendment." *United States v. Johnson*, 577 F.2d 1304, 1311 (5th Cir. 1978). Although a taxpayer may specifically claim the privilege against self-incrimination with respect to particular questions on a "return," he cannot make a blanket assertion of the privilege as grounds for refusing to disclose any information, except for basic identifying information, thereon. *Johnson v. Commissioner, supra.* See *White v. Commissioner*, 72 T.C. 1126, 1130 (1979); *Cupp v. Commissioner, supra* at 79–80.

In accordance with the foregoing, we hold that petitioners are not entitled to use the tax rates applicable in the case of married individuals filing joint returns.

An addition to tax for failure to timely file an income tax return is imposed under section 6651(a) unless the taxpayer shows that such failure was due to reasonable cause and not due to willful neglect. Since we have found that petitioners did not file returns for each of the years in issue, petitioners can

only avoid imposition of the additions to tax under section 6651(a) by establishing both reasonable cause and absence of willful neglect.

Petitioners urge that their actions were based upon their belief that any rules or regulations requiring them to make any statement which they felt was self-incriminating would undermine the interpretation given to the Fifth Amendment by the Supreme Court. As noted, it is well settled that a taxpayer's privilege against self-incrimination under the Fifth Amendment is not violated by the requirement that taxpayers file income tax returns in accordance with the provisions of the Internal Revenue Code and respondent's regulations. *Cupp v. Commissioner, supra* at 79. Petitioners have failed to show that they consulted with an attorney or took other reasonable steps to ascertain whether the Fifth Amendment excused them from answering the questions on the Form 1040 and Forms 1040A filed by them pertaining to the amount of their income. Merely relying upon their own uninformed belief that they were excused from answering such questions is clearly insufficient to constitute reasonable cause for failure to file. *Brittingham v. Commissioner*, 66 T.C. 373, 415 (1976), affd. on another issue 598 F.2d 1375 (5th Cir. 1979); *Saigh v. Commissioner*, 36 T.C. 395, 430 (1961). Accordingly, petitioners are liable for the additions to tax under section 6651(a).

Section 6653(a) imposes an addition to tax if any part of any underpayment is due to negligence or intentional disregard of rules and regulations. The burden of proving that no part of the underpayments was due to negligence is upon petitioners. *Rosano v. Commissioner*, 46 T.C. 681, 688 (1966); Rule 142(a), Tax Court Rules of Practice and Procedure.

Petitioners were under a duty to file individual or joint income tax returns for each of the years in issue (secs. 6012 and 6013) and to pay a tax on the taxable income shown on each return filed (sec. 1). Petitioners' failure to exercise due care in filing returns also gave rise to their failure to pay income taxes. See *Robinson's Dairy, Inc. v. Commissioner*, 35 T.C. 601, 608–609 (1961), affd. 302 F.2d 42 (10th Cir. 1962).

Thus, petitioners are also liable for the additions to tax imposed under section 6653(a).

*Decisions will be entered under Rule 155.*[2]

---

[2]Respondent has conceded that one of the petitioenrs, but not both petitioners, is entitled to a dependency exemption deduction for their daughter, Wendina, for each of the years in issue. In his brief, respondent intimates that we should determine whether Gene or Joan is entitled to the dependency exemption deduction for each year in issue.

While we think it commendable that respondent has endeavored to treat petitioners in a fair manner, we would see no need to allow either petitioner a dependency exemption deduction for each year without respondent's concession. Sec. 152(a) defines the term "dependent" as an individual who, during the calendar year, fit within one of the designated categories of relationship to the taxpayer and "over half of whose support * * * was received from the taxpayer." Gene's earnings were community income which belonged equally to both petitioners. *Bagur v. Commissioner,* 66 T.C. 817, 820–823 (1976), remanded 603 F.2d 491 (5th Cir. 1979). Community expenses which are paid from community funds are, similarly, equally divisible between Joan and Gene. *Jorg v. Commissioner,* 52 T.C. 288, 292–294 (1969); *Hall v. Commissioner,* T.C. Memo. 1980–419, affd. without published opinion 659 F.2d 1073 (5th Cir. 1981); *Jones v. Commissioner,* T.C. Memo. 1979–136. See La. Civ. Code Ann. art. 2403 (as in effect during the years in issue). Petitioners have adduced no evidence indicating that either of them provided support for Wendina out of noncommunity funds, nor have they agreed as to which of them will claim a dependency exemption deduction for Wendina for each year in issue. Consequently, Joan and Gene each would be treated as having provided exactly one-half of Wendina's support. We have, however, entered decisions in both cases under Rule 155, Tax Court Rules of Practice and Procedure, to permit the parties to give effect to respondent's concession.