ERNEST D. SPECK, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Speck v. Commissioner
Docket No. 20448-81.
United States Tax Court
T.C. Memo 1982-704; 1982 Tax Ct. Memo LEXIS 43; 45 T.C.M. (CCH) 273; T.C.M. (RIA) 82704; December 2, 1982. *43 Ernest D. Speck, pro se. Joseph C. Hollywood, for respondent. DAWSON
MEMORANDUM FINDING OF FACT AND OPINION DAWSON, Judge: This case was assigned to Special Trial Judge Randolph F. Caldwell, Jr., for trial in accordance with the provisions of General Order No. 6 (69 T.C. XV). The Court agrees with and adopts the Special Trial Judge's report which is set out hereinbelow. OPINION OF THE SPECIAL TRIAL JUDGE CALDWELL, Special Trial Judge: Respondent determined deficiencies in petitioner's income taxes for 1978 and 1979 in the respective amounts of $418.00 and $5,167.70, and an addition to tax for 1979 under section 6653(a) [1] of $258.38 for negligence or intentional disregard of rules and regulations. On December 30, 1981, respondent filed a motion for partial summary judgment in which respondent moved for a partial summary adjudication in respondent's favor on the deficiencies in income tax determined for 1978 and 1979. In an order dated February 12, 1981, the Court granted respondent's motion. The sole issue remaining for decision is whether petitioner is liable for the addition to tax under section 6653(a) for 1979. *44 FINDINGS OF FACT Some of the facts were stipulated. The stipulation of facts, together with the exhibits identified there, is incorporated herein by reference. Petitioner resided in Michigan at the time he filed the petition in this case. Petitioner graduated from Michigan State University in December 1973. He received a Bachelor of Science degree, with a major in zoology and a minor in chemistry. Since June 1974 he has been employed as a vitamin technician by BASF Wyandotte Corporation in Wyandotte, Michigan, doing work in the area of vitamin quality control. For the taxable year 1979, he was paid wages by his employer of $21,287.48, from which Federal income taxes ($4,661.60), Michigan state income taxes ($910.25), and FICA tax ($1,284.30) were withheld. A form W-2 for 1979 was issued to him by his employer reflecting the foregoing amounts. Petitioner timely filed a Form 1040 return for 1979 with the Internal Revenue Service. On that return, he reported his wages of $21,287.48, interest income of $2,607.85, and dividends (net after exclusion of $100) of $18.50, for a total of $23,913.83. In the section of the return designated "Adjustments to Income," petitioner *45 pasted white correction tape over lines 23 and 24, and typed on the tape was the following: Non-Taxable Receipts Eisner v. Macomber, 252 U.S. 189
He noted an adjustment of $21,287.48, which, when subtracted from the total income shown of $23,913.83, yielded an adjusted gross income of $2,626.35. Petitioner showed no tax due and claimed a refund of $4,661.60, the taxes withheld by his employer, which refund he received. In the statutory notice of deficiency, respondent disallowed the above-mentioned adjustment to income of $21,287.48, and determined the deficiency and addition to tax mentioned above. Petitioner filed Federal income tax returns on which he included his wages in income and paid the taxes shown to be due therein for each of the years 1974 through 1978. When petitioner filed his 1979 return on or about April 15, 1980, he was a member of an organized protest group in the Detroit area, American Citizens Tribunal (ACT), and also known as We the People Act. Beginning in the fall of 1979, petitioner began listening to talk shows on a local radio station, where the host and the persons calling in discussed income tax matters. He also began reading *46 publications such as American Sunbeam and Spotlight. These publications at times contained articles concerning Federal taxation and its constitutionality. During this time petitioner also discussed tax matters with his brother Aaron Speck, and a friend David Franklin. Neither Mr. Speck nor Mr. Franklin is an attorney or accountant. OPINION Section 6653(a) imposes an addition to tax if any part of any underpayment is due to negligence or intentional disregard of rules and regulations. The burden of proving that no part of the underpayment was due to negligence is upon petitioner. Rosano v. Commissioner,46 T.C. 681, 688 (1966); Rule 142(a), Tax Court Rules of Practice and Procedure. Petitioner has not satisfied his burden. Petitioner was a college graduate with a Bachelor of Science degree from Michigan State University. Petitioner had been working full-time for approximately five years prior to filing his 1979 return. Petitioner has not provided any evidence to convince us that a reasonable person possessing petitioner's education and experience would have deducted wages to arrive at "adjusted gross income." Rather, we believe petitioner knew or should *47 have known that his wages were taxable and either negligently or deliberately excluded them from his adjusted gross income. Our belief is corroborated by petitioner having filed his 1974 through 1978 Federal income tax returns on which he included his wages as income. Moreover, petitioner failed to show that he consulted with an attorney, accountant or took other reasonable steps in filing his 1979 return. [2] Cf. Thompson v. Commissioner,78 T.C. 558, 563 (1982) (relying upon own uninformed belief that Fifth Amendment excuses filling out tax return is insufficient reason for failure to file). The authorities that petitioner relied on were not authoritative Federal tax sources. In sum, it is well settled that wages constitute income. Commissioner v. Glenshaw Glass Co.,348 U.S. 426 (1955). Furthermore, petitioner should have known or, by the exercise of reasonable prudence, could have determined that his wages were taxable. This case is indistinguishable from prior decisions of this Court which have held that the taxpayer's belief that wages do not constitute income does *48 not absolve the taxpayer from the negligence addition. [3] Accordingly, respondent is sustained on this issue. Decision will be entered for respondent.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated.↩
2. Wangrud v. Commissioner,T.C. Memo. 1980-162↩.
3. Funk v. Commissioner,T.C. Memo. 1981-506; Miller v. Commissioner,T.C. Memo. 1981-296; Crisman v. Commissioner,T.C. Memo. 1980-361; Lively v. Commissioner,T.C. Memo. 1982-590↩.