FRED BURGER, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Burger v. Commissioner
Docket No. 21960-81.
United States Tax Court
T.C. Memo 1982-706; 1982 Tax Ct. Memo LEXIS 38; 45 T.C.M. (CCH) 277; T.C.M. (RIA) 82706; December 6, 1982. *38 Fred Burger, pro se. Danny M. Carr, for respondent. DAWSON
MEMORANDUM FINDINGS OF FACT AND OPINION DAWSON, Judge: This case was assigned to Special Trial Judge Randolph F. Caldwell, Jr., for trial in accordance with the provisions of General Order No. 6 (69 T.C. XV). The Court agrees with and adopts the Special Trial Judge's report which is set out hereinbelow. OPINION OF THE SPECIAL TRIAL JUDGE CALDWELL, Special Trial Judge: Respondent determined a deficiency in petitioner's income tax for 1979 in the amount of $2,763.00 and an addition to tax under section 6653(a) [1] of $138.15 for negligence or intentional disregard of rules and regulations. On December 29, 1981, respondent filed a motion for partial summary judgment in which respondent moved for a summary adjudication in respondent's favor on the deficiency is income tax determined for 1979, and for the addition to tax under section 6653(a). In an order dated February 4, 1982, the Court granted respondent's motion with respect to the first issue. The sole issue remaining for decision is whether petitioner is liable for the asserted addition to tax under section 6653(a). *39 FINDINGS OF FACT Some of the facts were stipulated. The stipulation of facts, together with the exhibits identified therein, is incorporated herein by reference. Petitioner resided in Michigan at the time he filed the petition in this case. Petitioner is a high school graduate with some college education. From 1972 until August 1982, petitioner was employed full-time. Petitioner was recently employed as an industrial electrician. For the taxable year 1979, he was paid wages by his two employers of $16,515.71, from which Federal income taxes ($2,915.44), Michigan state income taxes ($651.44), and FICA tax ($1,024.25) were withheld. Two Form W-2's were issued to him by his employers reflecting the foregoing amounts. Petitioner timely filed a Form 1040 return for 1979 with the Internal Revenue Service. On that return, he reported his wages of $16,515.71 as his total income. In the section of the return designated "Adjustments to Income," petitioner pasted white correction tape over lines 23 and 24, and typed on the tape was the following: Non-taxable receipts Eisner v. Macomber, 252 U.S. 189
He noted an adjustment of $16,515.71, which, when subtracted *40 from the total income shown of $16,515.71, yielded a taxable income of zero. Petitioner showed no tax due and claimed a refund of $2,915.44, the taxes withheld by his employers. In the statutory notice of deficiency, respondent disallowed the above-mentioned adjustment to income of $16,515.71, and determined the deficiency and addition to tax mentioned above. Petitioner filed Federal income tax returns on which he included his wages in income and paid the taxes shown to be due therein for each of the years 1973 through 1978. Prior to filing his 1979 return on or about April 15, 1980, petitioner began attending public meetings at which Federal taxation was discussed; he also began reading publications concerning taxation. Petitioner did not consult with an attorney or accountant in filing his 1979 return.It was prepared entirely by himself. OPINION Section 6653(a) imposes an addition to tax if any part of any underpayment is due to negligence or intentional disregard of rules and regulations. The burden of proving that no part of the underpayment was due to negligence is upon petitioner. Rosano v. Commissioner,46 T.C. 681, 688 (1966); Rule 142(a), Tax *41 Court Rules of Fractice and Procedure. Petitioner has not satisfied his burden. Petitioner was a high school graduate with some college education. At the time petitioner filed his 1979 return, he had been employed approximately eight years. Petitioner has not provided us any evidence to convince us that a reasonable person possessing petitioner's education and experience would have deducted wages to arrive at taxable income. Rather, we believe petitioner knew or should have know that his wages were taxable and either negligently or deliberately excluded them from his taxable income. Our belief is corroborated by petitioner's having filed his 1973 through 1978 Federal income tax returns on which he included his wages as income. Moreover, petitioner failed to show that he consulted with an attorney, accountant, or took other reasonable steps in filing his 1979 return. [2] Cf. Thompson v. Commissioner,78 T.C. 558, 563 (1982) (relying upon one's own uninformed belief that Fifth Amendment excuses filling out tax return is insufficient reason for failure to file). In sum, it is well settled *42 that wages constitute income. Commissioner v. Glenshaw Glass Co.,348 U.S. 426 (1955). Furthermore, petitioner should have known or, by the exercise of reasonable prudence, could have determined that his wages were taxable. This case is indistinguishable from prior decisions of this Court which have held that a taxpayer's belief that wages do not constitute income does not absolve a taxpayer from the addition to tax for negligence. [3] Accordingly, respondent is sustained on this issue. Decision will be entered for respondent.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated.↩
2. Wangrud v. Commissioner,T.C. Memo. 1980-162↩.
3. Lively v. Commissioner,T.C. Memo. 1982-590; Funk v.Commissioner,T.C. Memo. 1981-506; Miller v. Commissioner,T.C. Memo. 1981-296; Crisman v. Commissioner,T.C. Memo. 1980-361↩.