THOMAS LONG, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Long v. Commissioner
Docket No. 3957-82.
United States Tax Court
T.C. Memo 1985-371; 1985 Tax Ct. Memo LEXIS 262; 50 T.C.M. (CCH) 524; T.C.M. (RIA) 85371; July 24, 1985. Barry M. Lasky, for the petitioner. Rona Klein, for the respondent. WILBUR
MEMORANDUM FINDINGS OF FACT AND OPINION WILBUR, Judge: Respondent determined a deficiency in the amount of $8,103 and additions to tax under sections 6651(a)[1] and 6653(a) in the amounts of $1,509.05 and $405.15, respectively, for the taxable year 1980. The issues for decision are: (1) whether petitioner's wages are exempt from Federal income tax because he executed a vow of poverty with the Life Science Church, (2) whether petitioner is *263 liable for the addition to tax under section 6651(a)(1) for failure to file a tax return, (3) whether petitioner is liable for the addition to tax under section 6653(a)(1) for negligence, and (4) whether this Court should impose damages against petitioner pursuant to section 6673 for instituting or maintaining these proceedings primarily for delay, or for maintaining a frivolous or groundless position. FINDINGS OF FACT Some of the facts have been stipulated and those facts are so found. The stipulation of facts and attached exhibits are incorporated by this reference. In addition, respondent served upon petitioner a request for admissions to which petitioner failed to respond. [2] In accordance with Rule 90(c), the facts asserted in the request for admissions are automatically deemed admitted. *264 Petitioner resided in Bayville, New York, when he filed the petition in this case. During the taxable year 1980, petitioner was employed by the City of New York Transit Authority as a police officer. Petitioner was paid wages in the amount of $31,321.54 by the New York City Transit Authority. The wages were paid directly to petitioner with no restrictions on their use. The wages were made payable to petitioner and not to a church or religious organization. Petitioner joined the Life Science Church in February, 1980. He attended instructional classes twice per week for approximately 6 months. The instruction related to the "interpretation, understanding, and preparation of the Bible under the New Testament, certain sacred scriptures and the constitution of the United States." When petitioner became a member of the Life Science Church, he executed a vow of poverty in which he assigned all of his possessions and all of his future earnings to a particular chapter of the Life Science Church. Petitioner obtained a "doctor of divinity" from the Life Science College, and a certificate of ordination as a minister from the Life Science Church. The particular chapter to which petitioner *265 assigned his earnings was known as charter No. 11716, or the Church of Law and Peace. Petitioner deposited each of his pay checks into a bank account maintained in the name of the Church of Law and Peace. Petitioner was the sole signatory on this account. The church then granted to petitioner the use of all the income that he had "assigned." In petitioner's words "the income was granted by the church to me to allow for my personal expenses and the charitable functions * * * I would hold." The City of New York did not negotiate with any church or religious organization regarding petitioner's services. No contract or other agreement existed between the City of New York and any church or religious organization regarding the petitioner's services. Petitioner claimed 51 exemptions on his Form W-4. He filed a Form 1040 with respondent on which he listed his occupation as a minister, and stated that he had "taken an irrevocable vow of poverty (copy attached) and received a directive from the head of my order and therefore am exempt from Income Tax." The only other information contained on the form was the total amount of Federal income tax withheld ($2,066.81), and the amount to *266 be refunded ($2,066.81). Petitioner attached to his return a list of directions and orders from the Life Science Church. The document included the following orders: 4. You are directed to keep employment and work in order to earn income to use to support yourself and your family as a vehicle to carry out the purpose of this Church and Order. 5. You are directed to use the income of the Order and Church as you see fit and reasonable to carry out the purposes of the Order. Petitioner also attached a written vow of poverty. The services that petitioner performed for the new York City Transit Authority were the same throughout the entire taxable year and did not include any religious duties. Petitioner performed services for his employer in his individual capacity. The petition in this case was filed on February 22, 1982. It alleges as error in the notice of deficiency the following: That respondent did not comply with the proper administrative procedures; that respondent has violated petitioner's rights under the First, Fourth, Fifth, Sixth, Ninth, and Fourteenth Amendments to the United States Constitution, as well as the "Priests/Penitent and Attorney/Client privileges"; *267 that respondent disregarded the bona fide character of petitioner's church and order; that respondent disregarded petitioner's status as an ordained minister and a member of a religious order; that respondent disregarded petitioner's irrevocable vow of poverty; that respondent failed to contact the church and order to verify the fact of petitioner's official status as an agent of the order; that respondent relied upon its own "internal/external rule" in order to disregard petitioner's irrevocable vow of poverty. No facts were alleged in support of the assignment of errors. On June 18, 1982, respondent sent to petitioner a letter which stated the following: The Tax Court has consistently held that income earned by an individual is taxable to that individual, regardless of any alleged vow of poverty made by the individual. We enclose copies of two typical cases, Lynch v. Commissioner, T.C.M. 1980-464, and Minckler v. Commissioner, T.C.M. 1981-343. See also McGahen v. Commissioner,76 T.C. 468 (1981), Wickey v. Commissioner, T.C.M. 1982-60, Greeno v. Commissioner, T.C.M. 1981-521, White v. Commissioner, T.C.M. 1981-147, Hall v. Commissioner, *268 T.C.M. 1981-143, Young v. Commissioner, T.C.M. 1981-109, Lysiak v. Commissioner, T.C.M. 1981-108. In addition, the letter warned that respondent intended to request that the Court impose damages under section 6673. This letter was received by petitioner. On July 15, 1982, petitioner responded with a letter which stated the following: Your letter seems to be a vicious attack on a sacerdotal rite which is a requirement of the religious Order, of which I am a member. One of the religious acts of worship which is integral to my religious beliefs is not something for a non-believer to make religious slurs upon. My attorney has notified me that you have violated the recently passed law of New York State which prohibits attacks on religious slurs being made to anyone regarding their religious beliefs. You are violating my constitutionally guaranteed right to believe in the religion of my choice. You also are violating my constitutionally guaranteed right to freely practive the religion of my choice. Please stop these vicious anti-religious attacks at once, and apoligize [sic] for these violations of my constitutionally protected religious rights, or you can be certain *269 legal actions will follow. Respondent sent another letter to petitioner on July 9, 1982.This letter informed petitioner of the rules of this Court regarding informal consultation prior to formal discovery. Respondent requested that petitioner telephone one of respondent's agents in order to arrange a conference, and requested a clear and concise statement of facts on which petitioner based the assignment of errors set forth in the petition and specifically requested a statement of the relevant facts that distinguish petitioner's case from Lynch v. Commissioner, and Minckler v. Commissioner,supra.
Petitioner responded with the following: Lynch v. Comm'r., T.C.M. 1980-464 and Minckler v. CIR, T.C.M. 1981-343 are Tax Court memorandum opinions. As such they are limited to the fact situations presented therein and are not published in the official Tax Court reports. In Lynch, e.g., he had no religious superior, there was no Church hierarchy. In my case, I do have a religious superior, there is a Church hierarchy (Archbishop, Council of Bishops, etc.) Lynch could not describe the beliefs of his Church, its creed or any of its pastoral duties. The beliefs *270 of my Church and its creed are clearly spelled out in the Holy Bible. My duties as Pastor and Evangelist are also clearly outlined in my directive letter as well as in my Vow of Poverty. Minckler was a Christian Libertarian. I am not. I received theological training and was ordained a minister. I am recognized as such by my congregation and my religious superiors. These facts clearly distinguish these cases from my own. It is also a fact that both Lynch and Minckler were without the assistance of legal counsel to aid them in formulating proper legal basis to substantiate their tax court petitions. (I am currently retaining legal counsel). On August 6, 1982, respondent served upon petitioner a request for production of documents. This request was received by petitioner. Petitioner made no responses or objections to the request. OPINION The first issue for decision is whether petitioner is taxable in his individual capacity upon the wages he earned as a New York City Transit Officer. We must decide simply whether petitioner earned his wages in his individual capacity or alternatively as an agent of his church. If he did not earn the income as an agent of the Life Science *271 Church, then the fact that he executed a "vow of poverty" and arguably assigned his income to his church is of no significance. See Schuster v. Commissioner,84 T.C. 764 (1985). The undisputed facts clearly establish that petitioner earned his income in his individual capacity, and we therefore hold for respondent. Petitioner admits that the City of New York did not negotiate with his church regarding his services, and that there was no contract or other agreement between his employer and his church. Income earned by a person in his individual capacity is taxable to that individual, regardless of any alleged vow of poverty made. McGahen v. Commissioner,76 T.C. 468 (1981), affd. without published opinion 720 F.2d 664 (3d Cir. 1983); Young v. Commissioner,T.C. Memo. 1981-109, affd. by unpublished order, 673 F.2d 1334 (7th Cir. 1981); Lynch v. Commissioner,T.C. Memo. 1980-464, affd. without published opinion 673 F.2d 1334 (1st Cir. 1981); see Kelley v. Commissioner,62 T.C. 131 (1974). *272 We next consider whether petitioner is liable for the addition to tax under section 6651(a)(1) for failure to file a return. This Court has consistently held that in order to qualify as a return, a document must represent an honest and genuine endeavor to satisfy the requirements for a return and contain sufficient data from which respondent can compute and assess the taxpayer's liability. Reiff v. Commissioner,77 T.C. 1169, 1177 (1981); Thompson v. Commissioner,78 T.C. 558, 562 (1982). The Form 1040 filed by petitioner shows no filing status or claim for exemptions, no gross, adjusted gross, or taxable income, and no income tax liability. This document clearly does not qualify as a return because it does not contain information sufficient to calculate petitioner's Federal income tax liability. We next consider whether petitioner is liable for the addition to tax under section 6653(a) for negligence. That section imposes an addition to tax if any part of *273 an underpayment of tax is due to negligence or intentional disregard of rules and regulations. Respondent's determination is presumed to be correct, and the burden is on petitioner to prove the determination erroneous. Enoch v. Commissioner,57 T.C. 781, 802 (1972); Rule 142(a).Petitioner has presented no evidence with which to rebut this presumption. We therefore uphold respondent's determination. Rule 142(a). Finally, we must decide whether damages under section 6673 are appropriate. That section imposes damages on taxpayers who maintain frivolous or groundless positions or who institute proceedings before this Court primarily for delay. When the petition in this case was filed, the amount of damages assessable against petitioner was limited by statute to $500. Section 6673 was amended, however, by the Tax Equity and Fiscal Responsibility Act of 1982 (Pub. L. 97-248, 96 Stat. 474), and section 160, Tax Reform Act of 1984 (Pub. L. 98-369, 98 Stat. 494, 696). This Court is now authorized to award damages of up to $5,000 under section 6673 in all proceedings "pending *274 in the United States Tax Court on the day which is 120 days after July 18, 1984." The day that is 120 days after July 18, 1984, is November 15, 1984. This case was tried on September 18, 1984. A case is "pending before this Court" until the Court enters a decision on the matter. We therefore may award damages up to $5,000 to the Government. We think it clear that the petition in this case was frivolous, and the petitioner had knowledge that it was frivolous. This Court has consistently held that income earned or received by a person in his individual capacity is taxable to that person. E.g., McGahen v. Commissioner,supra,76 T.C. at 478; Kelley v. Commissioner,supra at 131. Cf. Wert v. Commissioner,T.C. Memo. 1984-499; Brennan v. Commissioner,T.C. Memo. 1984-500; Ford v. Commissioner,T.C. Memo. 1984-501; Minckler v. Commissioner,T.C. Memo. 1981-343; Lynch v. Commissioner,T.C. Memo. 1980-464, affd. without published opinion (1st Cir. June 2, 1981). Respondent advised petitioner of the state of the law, and even sent copies of two similar *275 cases. In addition, petitioner stated at trial that he was aware of the possibility that damages would be imposed in this case. Petitioner persisted in maintaining his lawsuit after receiving this information. Petitioner's time-worn constitutional arguments have been rejected consistently by this Court, and his persistence in maintaining his position in the face of this knowledge warrants the imposition of damages. We conclude that $5,000 is an appropriate award in this case. Decision will be entered for the respondent.
Footnotes
1. Unless otherwise indicated, all section references are to the Internal Revenue Code of 1954, as amended. All references to Rules are to the Tax Court Rules of Practice and Procedure.↩
2. Respondent's request for admissions was filed on August 9, 1982. Rule 90(c)↩ requires that petitioner respond to the request for admissions within 30 days of service. Failure to timely respond automatically causes these requests to be deemed admitted. Over two years later, when this case was called for trial, petitioner's counsel moved for leave to file a response to a request for admissions. This Court denied petitioner's motion. Petitioner nevertheless filed a response to the request for admissions with the Clerk of this Court on September 24, 1984, 6 days after trial. The response clearly does not comport with the Rules of this Court, and therefore, has no effect for purposes of this proceeding.