FRANK NELSON, Petitioner, v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Nelson v. Commissioner
Docket Nos. 16856-81, 3197-82, 3198-82.
United States Tax Court
T.C. Memo 1983-225; 1983 Tax Ct. Memo LEXIS 569; 45 T.C.M. (CCH) 1397; T.C.M. (RIA) 83225; April 25, 1983. Robert J. Sharkey, for the petitioner. Kay L. Windram, for the respondent. COHEN
MEMORANDUM FINDINGS OF FACT AND OPINION COHEN, Judge: In the three notices of deficiency that are the basis of the above-consolidated cases, respondent determined deficiencies and additions to tax as follows: Date of
Taxable
Deficiency
Docket
Year
Addition to Tax
Notice
No.
Ended
Deficiency
Sec. 6653(b) [1]
Nov. 6, 1981
3197-82 1971
$2,167.49
$1,083.74
1972
2,591.71
1,295.85
1973
3,269.74
1,634.87
1974
4,372.32
2,186.16
Nov. 6, 1981
3198-82 1975
5,736.84
2,868.42
1976
7,722.66
3,861.33
Apr. 9, 1981
16856-81
1977
7,628.75
3,814.37
1978
10,008.22
5,004.11
In the Answer filed in docket No. 16856-81, respondent alleges that, as an alternative to the 50 percent addition to tax under section 6653(b), additions to tax under sections 6651 and 6653(a) are due and owing for the taxable year 1978. The alternative prayer for relief with *571 respect to that year is attributable to the fact that the deficiencies for the years 1971 through 1977 were determined with respect to allegedly fraudulent returns, whereas respondent determined that no return was filed for the year 1978. Petitioner's counsel appeared at the calendar call pursuant to notice setting the case for trial on January 24, 1983. The case was thereafter set for trial on January 26, 1983, at 10:00 a.m. Neither petitioner nor his counsel appeared at that time. The case proceeded on the basis of petitioner's default as to the deficiencies determined in the three notices, and respondent presented evidence with respect to the additions to tax. See Rule 149(a). Decision will thus be entered against petitioner as to the deficiencies, and this opinion deals solely with the additions to tax as to which respondent has the burden of proof. See Rules 123 and 149(b). FINDINGS OF FACT At the time the petitions were filed, petitioner resided in Battle Creek, Michigan. Petitioner filed Federal income tax returns with the Internal Revenue Service for the taxable years 1971, 1972, 1973, 1974, 1975, 1976, and 1977. On those returns he claimed 22, 18, 22, 15, 15, *572 15, and 16 exemptions, respectively, for dependent children living with him.
On April 11, 1979, petitioner was interviewed by two special agents of the Internal Revenue Service. During that interview, petitioner was questioned regarding exemptions claimed on his 1976 and 1977 returns. He admitted that he had falsified his exemptions claimed on his 1976 and 1977 returns, overstating the number of dependent children by at least 10.During that interview, petitioner stated that he had claimed the number of exemptions necessary to obtain refunds of income taxes withheld by his employer. After further investigation, including a search of records of the Battle Creek, Michigan, school system and birth records, respondent was able to identify only two children with a Frank Nelson named as the father and showing an address coinciding with petitioner's. The school records disclosed, however, that those two children were not enrolled after 1973. During the years 1974, 1975, 1976, and 1977, petitioner received interest income from various accounts that was not reported on his tax returns for those years. In the notices of deficiency, respondent determined unreported income, primarily *573 interest income, of $3,185.99 for 1974; $3,276.90 for 1975; $8,026.09 for 1976; and $8,256.33 for 1977. Petitioner did not file a tax return for 1978. During that year (as in the prior years in issue) petitioner was employed and received wage income. His total wages for 1978 were $25,069.55. During 1978 petitioner received interest income of at least $3,777.87. Respondent determined that petitioner's adjusted gross income for 1978 was $34,723.83. On November 13, 1980, petitioner was indicted and charged with violation of section 7201 for the taxable years 1974, 1975, 1976, and 1977. On March 10, 1981, petitioner entered a plea of guilty and was convicted of the offense of making a false claim on his income tax return, a violation of section 7201, with respect to the year 1975. OPINION Section 6653(b) provides for a 50 percent addition to tax if any part of an underpayment is due to fraud. Respondent must prove fraud by clear and convincing evidence. Section 7454(a); Rule 142(b). Fraud consists of actual, intentional wrongdoing for the purpose of evading a tax believed to be owing. Because direct evidence of fraud is rarely available, respondent may prove fraudulent *574 intent through the implications of circumstantial evidence. Stone v. Commissioner,56 T.C. 213 (1971); Otsuki v. Commissioner,53 T.C. 96 (1969). A pattern of substantial underreporting of income is an example of circumstantial evidence that establishes fraudulent intent. Schroeder v. Commissioner,291 F.2d 649 (8th Cir. 1961), affg. a Memorandum Opinion of this Court. Overstatement of deductions may similarly constitute evidence of fraud. See Biggs v. Commissioner,440 F.2d 1, 6 (6th Cir. 1971); Hicks Co. v. Commissioner,56 T.C. 982, 1019 (1971), affd. 470 F.2d 87 (1st Cir. 1972). Totally fictitious claims of deduction or exemption are perhaps the clearest case of fraud. In this case, at least as to 1976 and 1977, petitioner admitted to the investigating agents that he had falsely claimed exemptions for dependent children. With respect to the year 1975, he is collaterally estopped by his conviction under section 7201 from denying fraud. Stone v. Commissioner,supra at 221 and cases cited thereat. The evidence presented by respondent at trial established unreported *575 interest income for 5 of the 8 years. The pattern of false claims of dependents and unreported income justifies the conclusion that at least part of the underpayment for each of the years 1971 through 1977 is due to fraud, and the additions to tax must be sustained for those years. [2]
A different situation exists with respect to the year 1978. Although failure to file returns may be considered in connection with other facts evidencing fraud, failure to file standing alone does not establish fraud. Stoltzfus v. United States,398 F.2d 1002 (3d Cir. 1968); Beaver v. Commissioner,55 T.C. 85, 93 (1970). In this case, respondent has offered no evidence of other conduct of petitioner with respect to the year 1978 that would establish an intention by petitioner to conceal his income for the year 1978 or to mislead respondent.Petitioner was apparently candid with respondent's agents during the interview on April 11, 1979, 4 days *576 before his return for 1978 would normally have been due. Petitioner has offered no explanation of his failure to file for 1978. In the petition filed with respect to the deficiency determined for that year (docket No. 16856-81), he asserts "the errors, omissions and failure to file a return do not justify the imposition of penalties for fraud or any finding of fraudulent intent on the part of the Petitioner." Arguably that statement contains an implicit admission of failure to file.In his reply in docket No. 16856-81, petitioner admits the receipt of $25,069.55 in wages in 1978 but "denies he willfully failed to file any income tax return for the 1978 tax year for the reason that the same is not true and makes no further answer to said allegation [of the Answer that he failed to file] pursuant to his rights under the Fifth Amendment of the United States Constitution." We assume that the denial relates to "willfulness," and that the assertion of privilege pursuant to the Fifth Amendment is valid in view of the possibility of prosecution under section 7203. At trial, the only evidence offered by respondent with respect to the year 1978, other than the notice of deficiency, was *577 information as to interest received by petitioner during 1978 and a Certificate of Assessments and Payments reporting that the Cincinnati Service Center at Covington, Kentucky, had no record of a return filed by petitioner for the year 1978 as of September 20, 1979. Under these circumstances, we do not believe that respondent has shown fraud by clear and convincing evidence with respect to the year 1978. As to the additions to tax under sections 6651(a) and 6653(a) asserted in the alternative in the Answer, these allegations present new matter as to which respondent bears the burden of proof. [3] Rule 142(a). To sustain the addition to tax under section 6651(a), respondent must show that the failure to file the return for 1978 was not due to reasonable cause. To sustain the addition to tax under section 6653(a), respondent must show that part of the underpayment was due to negligence or intentional disregard of rules and regulations. This burden, however, has been met. The admission in the pleadings as to the amount of wages earned by petitioner established that he was required to file a return. See section 6012(a)(1). The evidence with respect to prior years' returns established *578 petitioner's knowledge that he was required to file a return. The circumstances of the investigation existing at the time the return was due permit a nonfraudulent explanation but also negate reasonable cause for failure to file. Petitioner's failure to comply with his known legal duty to file cannot be excused. Unexcused failure to file returns justifies imposition of additions to tax under both sections 6651(a) and 6653(a). See Thompson v. Commissioner,78 T.C. 558, 562-564 (1982); Robinson's Dairy, Inc. v. Commissioner,35 T.C. 601, 608-609 (1961), affd. 302 F.2d 42 (10th Cir. 1962).
Respondent's determinations are sustained as to the deficiencies and additions to tax in docket Nos. 3197-82 and 3198-82 and with respect to the year 1977 in docket No. 16856-81. In the latter docket number, respondent's determination is sustained as to the amount of the deficiency for 1978.Additions to tax are due from petitioner for the years 1978 in the amount of $2,502.05 (section 6651(a)) and $500.41 (section 6653(a)). An appropriate order and decision will *579 be entered.
Footnotes
1. Unless otherwise indicated, all statutory references are to the Internal Revenue Code of 1954, as amended and in effect during the years here in issue. All references to Rules are to the Tax Court Rules of Practice and Procedure.↩
2. See, e.g., Hand v. Commissioner,T.C. Memo. 1982-457; Daniels v. Commissioner,T.C. Memo. 1981-58; Geuze v. Commissioner,↩ a Memorandum Opinion of this Court dated October 28, 1953.
3. See Barbuto v. Commissioner,T.C. Memo. 1982-587↩.