JOHN and DEBRA GAGNEUR, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Gagneur v. Commissioner
Docket No. 22344-81.
United States Tax Court
T.C. Memo 1982-707; 1982 Tax Ct. Memo LEXIS 39; 45 T.C.M. (CCH) 278; T.C.M. (RIA) 82707; December 6, 1982. *39 John and Debra Gagneur, pro se. Beth L. Williams, for respondent. DAWSON
MEMORANDUM FINDINGS OF FACT AND OPINION DAWSON, Judge: This case was assigned to Sepecial Trial Judge Randolph F. Caldwell, Jr; for trial in accordance with the provisions of General Order No. 6 (69 T.C. XV). The Court agrees with and adopts the Special Trial Judge's report which is set out hereinbelow. OPINION OF THE SPECIAL TRIAL JUDGE CALDWELL, Special Trial Judge: Respondent determined a deficiency in petitioners' income tax for 1979 in the amount of $6,506 and an addition to tax under section 6653(a) [1] of $325.30 for negligence or intentional disregard of rules and regulations. On December 3, 1981, respondent filed a motion for summary judgment with respect to the deficiency and the addition to tax. In an order dated January 19, 1982, the Court granted respondent's motion with respect to the first issue. Thus, the only issue remaining for decision is whether petitioners are liable for the addition to tax under section 6653(a). FINDINGS OF FACT Some *40 of the facts were stipulated.The stipulation of facts, together with the exhibits identified therein, is incorporated herein by reference. Petitioners resided in Michigan at the time they filed the petition in this case. Mr. Gagneur graduated from high school in 1972. He has 1-1/2 years of college education from Lawrence Institute of Technology. For the last ten years Mr. Gagneur has been employed as a technical service engineer. For the taxable year 1979, he was paid wages by his employer of $32,398.44, from which Federal income tax ($6,741.39), Michigan state income tax ($1,106.50), and FICA tax ($1,403.77) were withheld. A Form W-2 for 1979 was issued to him by his employer reflecting the foregoing amounts. Mrs. Gagneur was also employed in 1979 as a hairdresser. A Form W-2 was issued to her reflecting income of $1,316.48, and Federal income tax ($49.30), Michigan state tax ($46.28) and FICA tax ($80.70) were withheld. Petitioners' Form 1040 return for 1979 was received by the Internal Revenue Service on June 30, 1980. On that return petitioners reported their combined wages of $33,714.92, and interest income of $25.00, for a total of $33,739.92. In the section *41 of the return designated "Adjustments to Income," petitioners pasted white correction tape over lines 23 and 24, and typed on the tape was the following: Non-taxable receipts ( Eisner v. Macomber, 252 U.S. 189) Petitioners noted an adjustment of $33,714.92 which, when subtracted from the total income shown of $33,739.92, yielded an adjusted gross income of $25.00. Petitioners showed no tax due and claimed a refund of $6,790.69, the taxes withheld by their employers, which refund they received. In the statutory notice of deficiency respondent disallowed the above-mentioned adjustment to income of $33,714.92, and determined the deficiency and addition to tax mentioned above. Petitioners filed Federal income tax returns on which they included their wages in income and paid the taxes shown to be due therein for each of the years 1976 through 1978.
When petitioners filed their 1979 return on or about June 23, 1980, Mr. Gagneur was a member of an organized protest group in the Detroit area, known as We the People Act. Prior to filing petitioners' 1979 return, Mr. Gagneur also began reading Federal taxation materials, particularly certain sections of the 1939 and *42 1954 Internal Revenue Code. Mrs. Gagneur did not study these tax materials as thoroughly as her husband; however, she was familiar with their content, and agreed with her husband's interpretation of their meaning.
Petitioners did not consuit with an attorney or accountant in filing their 1979 return; it was prepared entirely by themselves. OPINION Section 6653(a) imposes an addition to tax if any part of any underpayment is due to negligence or intentional disregard of rules and regulations. The burden of proving that no part of the underpayment was due to negligence is on petitioners. Rosano v. Commissioner,46 T.C. 681, 688 (1966); Rule 142(a), Tax Court Rules of Practice and Procedure. Petitioners have not sustained their burden.
Mr. Gagneur was a high school graduate with 1 1/2 years of college education. He has been employed for the past ten years, currently in a responsible, high-paying position. Mrs. Gagneur also has an established employment history. Petitioners have not provided any evidence to convince us that a reasonable person possessing petitioners' education and experience would have deducted wages to arrive at "adjusted gross income." Rather, *43 we believe petitioners knew or should have known that their wages were taxable and either negligently or deliberately excluded them from their gross income. Our belief is corroborated by petitioners' having filed their 1976 through 1977 Federal income tax returns on which they included their wages as income. Moreover, petitioners failed to show that they consulted with an attorney or an accountant or took other reasonable steps in filing their 1979 return. [2] Cf. Thompsonv. Commissioner,78 T.C. 558, 563 (1982) (relying upon one's own uninformed belief that Fifth Amendment excuses filling out tax returns is insufficient reason for failure to file). In sum, it is well settled that wages constitute income. Commissioner v. Glenshaw Glass Co.,348 U.S. 426 (1955). Furthermore, petitioners should have known or, by the exercise of reasonable prudence, could have determined that their wages were taxable. This case is indistinguishable from prior decisions of this Court which have held that the taxpayer's belief that wages do not constitute income does not absolve the taxpayer *44 from the negligence addition. [3] Accordingly, respondent is sustained on this issue. Decision will be entered for respondent.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated.↩
2. Wangrud v. Commissioner,T.C. Memo. 1980-162↩.
3. Lively v. Commissioner,T.C. Memo. 1982-590; Funk v. Commissioner,T.C. Memo. 1981-506; Miller v. Commissioner,T.C. Memo. 1981-296; Crisman v. Commissioner,T.C. Memo. 1980-361↩.