ULYSSES S. BONNEAU, JR., Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Bonneau v. Commissioner
Docket No. 419-82.
United States Tax Court
T.C. Memo 1984-615; 1984 Tax Ct. Memo LEXIS 58; 49 T.C.M. (CCH) 160; T.C.M. (RIA) 84615; November 23, 1984. Ulysses S. Bonneau, pro se. Margueritte S. Britton, for the respondent. KORNER MEMORANDUM FINDINGS OF FACT AND OPINION KORNER, Judge: Respondent determined the following deficiency and additions to tax in petitioner's 1979 Federal income tax: Additions to tax
Deficiency
[1] Sec. 6651(a)(1) Sec. 6653(a)
$12,006.28
$864.72
$600.31
The issues presented for decision are: (1) Whether petitioner's 1979 earnings are subject to income tax regardless of the taking by petitioner of a vow of poverty; (2) whether petitioner is liable for an addition to tax under section 6651(a)(1) for failure to file a tax return; (3) whether petitioner is liable for an addition to tax under section 6653(a) for negligence or intentional disregard of rules and regulations; (4) whether damages should be awarded *60 under section 6673 for petitioner instituting proceedings before this Court merely for delay. FINDINGS OF FACT Some of the facts have been stipulated and are so found. The stipulation of facts and exhibits attached thereto are incorporated herein by this reference. Ulysses S. Bonneau, Jr. (hereinafter referred to as "petitioner") was a resident of New York City, New York, at the time of filing the petiton herein. During the taxable year 1979 petitioner was employed by the New York City Transit Authority (hereinafter "N.Y.C.T.A.") as a bus maintainer, group B.He had been so employed by the N.Y.C.T.A. since November 5, 1973. Petitioner performed services for the N.Y.C.T.A. during 1979 in his individual capacity. Petitioner's position with the N.Y.C.T.A. did not involve any religious duties. Petitioner provided his employer, N.Y.C.T.A., with an Employee's Withholding Allowance Certificate, Form W-4, in which he claimed 50 allowances. The wages paid to petitioner for his services as a bus maintainer were paid by the N.Y.C.T.A. to petitioner with no restrictions as to their use. Petitioner's payroll checks issued during the taxable year 1979 were indorsed by him and *61 deposited in a checking account in the name of "Family Unity Church," with the Chase Manhattan Bank. Authorized signatures for that account were that of petitioner and Dorothy McLelland. Petitioner used this account to pay his personal family and living expenses. The N.Y.C.T.A. issued petitioner a W-2 Form at the end of the year, which reflected the amount of wages earned in 1979 ($39,672.01) and amounts withheld for Federal, state and local income taxes and Federal social security taxes. Petitioner filed a Form 1040, U.S. Individual Income Tax Return, for the taxable year 1979 which showed only his name, address, social security number, occupation - "minister" -, the amount to be refunded (the entire amount withheld), a small notation on the bottom margin of page 2 of the return, and his signature. The Form 1040 showed no filing status, no claim for exemptions, no gross, adjusted gross, or taxable income, and no income tax liability. A Wage and Tax Statement, form W-2, was attached to the Form 1040. At the bottom of page 2 of Form 1040 was the typed notation [2] "I have taken a vow of poverty (copy attached) and received a directive from the head of my order (copy *62 attached) and therefore I am exempt from paying Federal income tax." [3] The only entry on page 2 of the Form 1040 is the income tax withheld of $8,457.40 for which petitioner claimed a full refund. No other document purporting to be a Federal income tax return was filed by petitioner with respondent for the taxable year 1979. Attached to the Form 1040 was a form letter dated August 24, 1979 and addressed to petitioner at 404 S. 7th Avenue, Mt. Vernon, New York, 10550, and signed by William Drexler, Jr., which stated: [4] As a Minister in the Life Science Church and as a member of the Religious Order or Almighty God, you are directed and ordered to carry out the following Religious duties: 1. You are to conduct regular religious services and you are directed to make use of the attached prayer during the services. You are also to keep a record of the services and you are to make an outline report of your religious work and services every 6 months to the undersigned. 2. You are to secure and distribute the document containing the fundamental beliefs and philosophy of the Life Science Church which is the Bible of the Life Science Church and the Order. A copy is presented *63 herewith. 3. This Church is founded on the beliefs contained in the Church Bible, the Declaration of Independence and Sacred scripture and upon the principle that a man owns his own life and is bound by the sacred natural Law Golden Rule, "DO UNTO OTHERS AS YOU WOULD HAVE THEM TO [sic] UNTO YOU." You are to use your occupation as BUS TECHNICIAN as a vehicle and instrument to carry out and put into effect the principles of the Church and Order. In order to persuade and encourage other people to practice and apply this Church's Creed and philosophy and teachings to their social, private and business activities and also to the mental and spiritual sector of their lives you are to constantly set a good example by the practice of these principles and creed yourself. 4. You are directed to keep employment and work in order to earn income to use to support yourself and your family as a vehicle to carry out the purposes of this Church and Order. 5. You are directed to use the income of the Order and Church as you see fit and reasonable to carry out the purposes of the Order. 6. You are at all times, on and off the job and work, to carry out the duties of an evangelist *64 and on a 24 hour basis you are to direct and promote the principles and creed of this Church and Order. 7. On all trips that you take you are to bring with you Church Bibles and material for distribution and have it available on your person for distribution. 8. You are directed to keep all information regarding Church affairs coming into your possession or knowledge in strict confidence. 9. You are to consult the undersigned, Chief of the Order on any doubtful questions that may arise. In the work of the Creator I remain, Sincerely yours, /s/ William Drexler, Jr. *65 A statutory notice of deficiency for the taxable year ending December 31, 1979 was sent to petitioner by certified mail on October 8, 1981. Respondent advised petitioner in his notice of deficiency that wages in the amount of $39,672.01, claimed as excludable from gross income, constituted gross income under section 61 of the Internal Revenue Code as compensation for services rendered. Additions to tax for failure to file to timely return under section 6651(a), and for negligence or intentional disregard of rules and regulations under section 6653(a) were also determined. The petition in this case was mailed on December 31, 1981 and deemed filed on this date pursuant to section 7502(a). It is set forth in full as follows: PETITION
The petitioner hereby petitions for a redetermination of the deficiency set forth by the Commissioner of Internal Revenue in his notice of deficiency dated Oct. 8, 1981, and as the basis for his case alleges as follows: 1. The petitioner is Rev. Ulysses S. Bonneau, Jr. with legal residence now at 404 So. 7th Avenue, Mount Vernon, N.Y. 10550 Petitioner's taxpayer identification number (s) is (are)      . *66 The return for the period here involved was filed with the Office of the Internal Revenue Service at White Plains, N.Y. 2. The notice of deficiency (a copy of which, including so much of the statement and schedules accompanying the notice as is material, is attached and marked Exhibit A) was mailed to the petitioner on Oct. 8, 1981, and was issued by the Office of The Internal Revenue Service at Manhattan or N.Y., N.Y. 3. The deficiencies as determined by the Commissioner are in income taxes for the calendar year 1979, in the amount of $13,471.31, of which $13,471.31, is in dispute. 4. The determination of tax set forth in the said notice of deficiency is based upon the following errors: (a) The Internal Revenue Service did not comply with its administrative procedures as set forth in the Internal Revenue Code and the Regulations. (b) The action of the Internal Revenue Service is in violation of Petitioner's First, Fourth, Fifth, Sixth, Ninth and Fourteenth Amendments to the United States Constitution, as well as the Priest/Penitent and Attorney/Client privileges. (c) The Internal Revenue Service erred in disregarding the bona fide character of *67 Petitioner's Church and Order. (d) The Internal Revenue Service erred in disregarding Petitioner's status as an ordained minister and a member of a religious Order; (e) The Internal Revenue Service erred in disregarding Petitioner's Irrevocable Vow of Poverty taken to said Church and Order; (f) The Internal Revenue Service erred by failing to contact said Church and Order to verify Petitioner's official status as an agent of said Order; (g) The Internal Revenue Service erred in relying upon its own "Internal/External Rule" in order to disregard Petitioner's Irrevocable Vow of Poverty. (h) The Internal Revenue Service erred in stating that Petitioner has negligently and intentionally disregarded rules and regulations. (i) The Internal Revenue Service erred in finding that no income tax return was filed by Petitioner and then assess erroneous penalties. 5. The facts upon which the Petitioner relies as the basis of this case, are as follows: (a) through (i) WHEREFORE, Petitioner prays that this deficiency notice be set aside and the refund of the funds erroneously withheld be returned to the Church and Order for whom it was earned. /S/ Ulysses S. Bonneau, Jr. 404 So. 7th *68 Ave, Mount Vernon, N.Y. 10050 N/A 12/17/81 N.Y. At the time of trial herein, respondent filed a motion with the Court seeking the imposition of damages against petitioner under the provisions of section 6673. OPINION Issue 1. Inclusion of wages in gross income
The term "gross income" includes "compensation for services." Section 61(a)(1). Petitioner excluded wages earned from the N.Y.C.T.A. on the grounds that he became a member of the Life Science Church in 1979, that he received a letter from William Drexler, Jr., recognizing him as a minister in that organization, and that he signed a vow of poverty declaration. Petitioner's argument seems to be that nothing else is necessary to exempt his wages from income tax. Petitioner could not be more mistaken. Notwithstanding his alleged vow of poverty (which was not proven herein), petitioner is still subject to income tax on income earned or received in his individual capacity, without material restriction as to its use. McGahen v. Commissioner,76 T.C. 468, 478 (1981), affd. in an unpublished opinion 720 F.2d 664 (3rd Cir. 1983); Kelley v. Commissioner,62 T.C. 131 (1974). *69 [5] The manner in which he handled his financial affairs was the same both before and after his alleged ordination and vow. Petitioner has not shown that the wages received from the N.Y.C.T.A. were earned other than in his individual capacity as a N.Y.C.T.A. employee, nor were there any restrictions as to their use. Accordingly, petitioner's wages must be included in his gross income. Section 61(a)(1); Section 1.61-1(a), Income Tax Regs.; Commisioner v. Glenshaw Glass Co.,348 U.S. 426, 430 (1955). Issue 2. Failure to file a timely return
Respondent imposed an addition to tax under section 6651(a)(1) for failure to file a timely return. Section 6011 provides that any person liable for tax "shall make a return or statement according to the forms and regulations prescribed by the Secretary." The regulations state that "[e]ach taxpayer should carefully prepare his return and set forth fully and clearly the information required to be included therein. *70 Returns which have not been so prepared will not be accepted as meeting the requirements of the Code." Section 1.6011-1(b), Income Tax Regs. A Form 1040 which does not contain sufficient data from which a taxpayer's tax liability can be computed does not constitute a valid return. Beard v. Commissioner,82 T.C. 766, 774-779 (1984); Thompson v. Commissioner,78 T.C. 558, 562 (1982). The fact that petitioner attached a Form W-2 to this Form 1040 does not, under the circumstances of this case, make the Form 1010 a valid return. Reiff v. Commissioner,77 T.C. 1169, 1178 (1981). Since petitioner has failed to furnish any evidence which would constitute reasonable cause for his failure to file, we sustain respondent on this issue. Saigh v. Commissioner,36 T.C. 395, 430 (1961). Issue 3. Additions for negligence or intentional disregard of rules and regulations
Section 6653(a) provides that if any part of an underpayment of tax is due to negligence or intentional disregard of rules and regulations, there shall be added to the tax an amount equal to 5 percent of the underpayment. Respondent's determination *71 is prima facie correct. Petitioner bears the burden of proof on this issue. Bixby v. Commissioner,58 T.C. 757, 791 (1972); Rosano v. Commissioner,46 T.C. 681, 688 (1966); Axelrod v. Commissioner,56 T.C. 248, 258 (1971). Petitioner presented no evidence on this issue. Consequently, the addition to tax under section 6653(a) is sustained. Issue 4. Award of damages to the United States
Section 6673 reads as follows: Whenever it appears to the Tax Court that proceedings before it have been instituted by the taxpayer primarily for delay or that the taxpayer's position is frivolous or groundless, damages in an amount not in excess of $5,000 shall be awarded to the United States by the Tax Court in its decision. Damages so awarded shall be assessed at the same time as the deficiency and shall be paid upon notice and demand from the Secretary and shall be collected as a part of the tax. [6]
*72 This Court has consistently held that income earned or received by an individual in his personal capacity is taxable to that individual. Kelley v. Commissionersupra; McGahen v. Commissioner,supra;Greeno v. Commissioner,T.C. Memo. 1981-521; Minckler v. Commissioner,T.C. Memo. 1981-343; White v. Commissioner,T.C. Memo. 1981-147; Hall v. Commissioner,T.C. Memo. 1981-143; Young v. Commissioner,T.C. Memo. 1981-109, affd. by an unpublished order, 673 F.2d 1334 (7th Cir. (1981); Lysiak v. Commissioner,T.C. Memo. 1981-108; Lynch v. Commissioner,T.C. Memo. 1980-464, affd. (1st Cir. 1981); Wert v. Commissioner,T.C. Memo. 1984-499; Brennan v. Commissioner,T.C. Memo. 1984-500; Ford v. Commissioner,T.C. Memo. 1984-501.No reasonably prudent person could have expected this Court to reverse itself on this issue in this proceeding. Petitioner was repeatedly advised of the present state of the law and the possible consequences of the assertion of this argument before *73 this Court by respondent. Petitioner steadfastly refused to pay attention to these warnings. We find that petitioner's position is frivolous and that this action was instituted primarily to delay the payment of Federal income taxes. As we have previously stated: Our tolerance for taxpayers who establish churches solely for tax-avoidance purposes is reaching a breaking point. Not only do these taxpayers use the pretext of a church to avoid paying their fair share of taxes, even when their brazen schemes are uncovered, many of them resort to the courts in a shameless attempt to vindicate themselves. Miedaner v. Commissioner,81 T.C. 272, 282 (1983). Petitioner has abused the process of this Court and wasted its resources, and we hereby grant respondent's motion for damages and award the United States damages in the amount of $2,000. To reflect the foregoing, Decision will be entered for the respondent.
Footnotes
1. All statutory references are to the Internal Revenue Code of 1954, as amended and in effect during the year in issue, unless otherwhise stated.↩
2. This executed Form 1040, with the vow of poverty notation, is virtually identical to the Form 1040 prepared and submitted by each petitioner in the cases of Wert v. Commissioner,T.C. Memo. 1984-499; Brennan v. Commissioner,T.C. Memo. 1984-500; and Ford v. Commissioner,T.C. Memo. 1984-501↩. 3. No copy of the vow of poverty was offered in evidence.↩
4. In People v. Life Science Church,113 Misc. 2d 952 (1982), 450 N.Y. Supp. 2d 664, affd. as modified 93 A.D. 2d 774, 461 N.Y. Supp. 2d 803↩ (1983), the Supreme Court of the State of New York permanently enjoined the Life Science Church from engaging in fraudulent and deceptive practices. The State Court further enjoined the Church in the State of New York from representing that individuals could obtain tax exemptions by purchasing minister's credentials and attending church training sessions. The Court held that neither the church nor its ministers were entitled to a New York State tax exemption in view of the fact that the church operates in whole or in part for private purposes.
5. See also, Brennan v. Commissioner,T.C. Memo. 1984-500; Ford v. Commissioner,T.C. Memo. 1984-501; Kraeger v. Commissioner,T.C. Memo. 1984-571↩.
6. Sec. 6673, was amended by sec. 292(b) of the Tax Equity and Fiscal Responsibility Act of 1982, Pub. L. 97-248, 96 Stat. 572, and sec. 160, Tax Reform Act of 1984, Pub. L. 98-369, 98 Stat. 696, to increase the maximum damages awardable from $500 to $5,000, applicable to any action commenced in the Tax Court after December 31, 1982, or pending in this Court on the day which is 120 days after July 18, 1984, the date of the enactment of the Tax Reform Act of 1984.↩