JAMES E. MOLL, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Moll v. Commissioner
Docket No. 34803-85.
United States Tax Court
T.C. Memo 1987-39; 1987 Tax Ct. Memo LEXIS 39; 52 T.C.M. (CCH) 1449; T.C.M. (RIA) 87039; January 20, 1987. *39 Held, respondent's determination of petitioner's taxable income for 1981 based upon the specific items method sustained. Held further, respondent's determination for 1982 and 1983 based upon data derived from Bureau of Labor Statistics tables sustained. Giddio v. Commissioner,54 T.C. 1530 (1970), followed. Held further, additions to tax for each year under sections 6651(a)(1), 6653(a)(1), 6653(a)(2) and 6654, I.R.C. 1954, sustained. James E. Moll, pro se. Joseph R. Peters, for the respondent. NIMS
*40 MEMORANDUM FINDINGS OF FACT AND OPINION NIMS, Judge: Respondent determined deficiencies in petitioner's Federal income taxes and additions to tax as follows: Additions to Tax
Year
Deficiency
6651(a)(1) [1]
6653(a(1) [2]
6653(a)(2)
6654
1981
$2,559 $640 $128  *
$197
1982
2,907
727
145 ** 283
1983
3,347
837
167 ***  203
The issues for decision are whether respondent properly determined petitioner's income using the specific item method of proof for 1981 and the Bureau *41 of Labor Statistics method for 1982 and 1983, and whether, for each of the three years in question, petitioner is liable for additions to tax under section 6651(a)(1) for failure to file timely returns, under section 6653(a) for underpayment of tax as the result of negligence or intentional disregard of rules and regulations and under section 6654 for failure to pay estimated income tax. FINDINGS OF FACT Some of the facts have been stipulated and are included herein by this reference. Petitioner resided in Arlington, Wisconsin, when he filed his petition in this case. On January 4, 1983, the Internal Revenue Service received from petitioner an incomplete Form 1040 for 1981. The Form 1040 for 1981 did not disclose any information regarding income or deductions but stated "none" or "object" on the various lines and contained the statement that "[t]he word 'object' in response to a specific question means on grounds of self-incrimination." Ace Door Company issued a Form 1099 to petitioner for 1981 which shows fees, commissions and other compensation totaling $10,843.98. There is no evidence of record that petitioner incurred any deductible expenses in 1981. Petitioner did *42 not file a 1982 or 1983 Federal income tax return. When petitioner was contacted by the revenue agent, petitioner failed to provide information about his income or the source of any income. The revenue agent, in reconstructing petitioner's 1982 and 1983 income, referred to data compiled by the Bureau of Labor Statistics and used figures for total consumption, higher budget, north central region, non-metro area, for a family of four. The agent used data for a family of four because petitioner indicated on the defective 1040 filed as his 1981 return that he had a family of four. The agent used a cost of living figure of $22,685 for a family of four, to which was added "other items" -- miscellaneous items such as entertainment -- of $1,602, to reach a subtotal of $24,287. Since the agent did not know the ages of petitioner's children, she adjusted downward for a two-person family by a factor of 60 percent, thus deriving a tentative household income of $14,572. This figure was adjusted by inflation factors of 106 percent for 1982 and 110 percent for 1983, thus determining household income of $15,446 for 1982 and $16,029 for 1983. From these figures the agent subtracted Mrs. Moll's *43 W-2 income of $3,195 for 1982 and $1,946 for 1983, thereby obtaining Schedule C income of $12,251 for 1982 and $14,083 for 1983. The deficiency notice reflects that the Internal Revenue Service allowed petitioner one personal exemption of $1,000 for each of the years 1981, 1982 and 1983, thus determining taxable income for these years to be $9,844, $11,251 and $13,083, respectively. In the absence of information from petitioner, the revenue agent resorted to electronic retrieval called WIRES (Wage Information Retrieval System) in an attempt to find any W-2 forms filed for petitioner for 1982 and 1983. None were forthcoming. The agent also referred to the Revenue Service's IRP Program (Information Reporting Program) in an attempt to obtain Forms 1099 and W-2. None were forthcoming. The revenue agent also contacted Ace Door Company, petitioner's employer in 1981, and was advised that petitioner did not work there in 1982 and 1983. OPINION Petitioner James E. Moll filed a tax protester-type Form 1040 for 1981 in lieu of a valid tax return for that year. He filed nothing for 1982 and 1983. He attached a lengthy memorandum to his 1981 form, purporting to raise Fifth Amendment *44 justifications for his failure to furnish any information on his 1040 form. The Fifth Amendment grounds recited in the memorandum are specious and baseless. For example, petitioner states "[t]hat any information supplied on my tax return will be available to the Department of Justice for use in non-tax criminal prosecutions against me, unless immunity is granted to me in exchange for the information. (See 34 Am Jur 2d Section 9388, and Garner vs. U.S.,424 U.S. 648)." He neglects, however, to enlighten respondent or this Court as to the type of information or nature of the charges he has in mind. The petition filed by petitioner basically concerns itself with allegations that the deficiency notice is invalid because the Commissioner lacked jurisdiction over petitioner's person at the administrative level. Petitioner has the burden of proof as to all issues in this case. Rule 142(a). At the trial he declined to testify, and his evidence, in addition to the stipulated defective Form 1040 and the Ace Door Company Form 1099, consisted of his correspondence with the Internal Revenue Service purporting to explain his refusal to furnish information. Since petitioner *45 refused to cooperate in any way with respondent's examining agent in resolving a determination of taxable income for 1981, the agent determined petitioner's gross income to be the $10,843.98 in fees, commissions and other income reflected on the Form 1099 furnished by Ace Door Company for that year. Respondent allowed one exemption of $1,000 and computed petitioner's liability from the appropriate tax table. In the absence of any evidence from petitioner, we sustain respondent's determination for 1981. In the absence of any other source of information, respondent determined petitioner's 1982 and 1983 taxable income based upon estimated cost of living figures from Bureau of Labor Statistics, adjusted downward to take into account Mrs. Moll's 1982 and 1983 earned income as reflected on W-2 forms and allowance of one exemption of $1,000. We have upheld this approach in other cases, and have stated that "Congress intended that the Internal Revenue Service should have great latitude in making determinations of liability, particularly where the taxpayer files no returns and refuses to cooperate in the ascertainment of his income." Giddio v. Commissioner,54 T.C. 1530, 1533 (1970). *46 We have set out in detail in our Findings of Fact the methodology used by the revenue agent in determining petitioner's 1982 and 1983 income. We find the agent's approach to have been careful and conservative, and the results reached entirely reasonable under the circumstances. We therefore also uphold respondent's determination for 1982 and 1983. Respondent determined additions to tax for each year in question for non-filing of a return, pursuant to section 6651(a)(1). Petitioner submitted a Form 1040 for 1981 and filled in his name, address, social security number, occupation, etc., through line 6e of the Form. The rest of the Form and its lines were filled either by the words "object" or "none", and with the statement that "The word 'object' in response to a specific question means on grounds of self-incrimination." Petitioner attached to the Form 1040 a 15-page memorandum objecting to providing any additional information on the grounds of his right against self-incrimination under the Fifth Amendment. The 1981 document does not constitute a valid return and the imposition of the addition to tax for failure to file a valid return is appropriate when, as here, no reasonable *47 justification is provided for the filing of such a document. Thompson v. Commissioner,78 T.C. 558, 562-563 (1982). Petitioner filed no 1982 or 1983 Federal income tax return. No reasonable explanation was offered for failure to file these returns. Therefore, petitioner has failed to carry his burden of proof on this issue as to all years. With respect to the additions to tax under section 6653(a), the burden of proving that no part of the underpayments are due to negligence or intentional disregard of rules and regulations is upon petitioner. Bixby v. Commissioner,58 T.C. 757, 791-792 (1972). Petitioner offered no proof on this issue. Therefore, respondent's determination pursuant to sections 6653(a)(1) and 6653(a)(2) are sustained. The addition to tax imposed by section 6654 for failure to pay estimated income tax is imposed without regard to the presence of reasonable cause for failure to pay. Section 1.6654-1(a), Income Tax Regs. Petitioner has not shown that he is not liable for the payment of estimated tax and therefore respondent's determination of additions to the tax under section 6654 must be sustained. To reflect the foregoing, *48 Decision will be entered for the respondent.
Footnotes
1. Unless otherwise noted, all section references are to sections of the Internal Revenue Code in effect during the years in question. All rule references are to the Tax Court Rules of Practice and Procedure. ↩
2. Respondent's deficiency notice refers to section 6653(a). However, section 6653(a) was amended by section 722(b)(1), Pub. L. 97-34, 95 Stat. 342, applicable to taxes the last day prescribed for payment of which is after December 31, 1981, in that former section 6653(a) is now section 6653(a)(1). * 50 percent of the interest due on $2,559 ** 50 percent of the interest due on $2,907 *** 50 percent of the interest due on $3,347↩