PAUL F. THOMAS, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Thomas v. Commissioner
Docket No. 30587-83.
United States Tax Court
T.C. Memo 1985-241; 1985 Tax Ct. Memo LEXIS 391; 49 T.C.M. (CCH) 1519; T.C.M. (RIA) 85241; May 21, 1985. Paul F. Thomas, pro se. Ellen T. Friberg, for the respondent. WRIGHT
MEMORANDUM FINDINGS OF FACT AND OPINION WRIGHT, Judge: Respondent determined deficiencies in and additions to petitioner's Federal income tax as follows: Additions to Tax
Year
Deficiency
§ 6651(a) [1]
§ 6653(a) [2]
§ 6653(a)(2)
§ 6654
1980
$5,283.01
$1,320.75
$264.15
$335.84
1981
$6,341.82
$1,585.46
$317.09
[3]
$485.95
*393 The issues are (1) whether petitioner had unreported income from self-employment in 1980 and 1981; (2) whether petitioner is liable for self-employment tax for 1980 and 1981; (3) whether petitioner is liable for additions to tax under sections 6651(a), 6653(a), and 6654; and (4) whether petitioner is liable for damages under section 6673. FINDINGS OF FACT Some of the facts are stipulated and are so found. Petitioner Paul F. Thomas resided in Milwaukee, Wisconsin, when the petition herein was filed. Petitioner entered into oral contracts with Thomas Industrial Services (TIS) for 1980 and 1981. Pursuant to those contracts, petitioner performed maintenance and repair services for industrial clients of TIS, mainly foundries and heat treatment plants. In return, TIS reimbursed petitioner for expenses incurred and paid him weekly by checks totalling approximately $20,000 in 1980 and $22,000 in 1981. These payments were not subjected to withholding by TIS, nor were they reported on a Form W-2. Petitioner did not work regular hours, but was available 24 hours a day on an "on call" basis. He was told by TIS which clients to call on, but his activities were not supervised. *394 Petitioner has been associated with TIS since 1974. In the years prior to 1979, he properly filed Federal income tax returns. Petitioner and his wife submitted to respondent Forms 1040A for 1980 and 1981. For 1980, the form showed their names, their address, their filing status, petitioner's social security number, the number of exemptions claimed, and reported interest income of $55.59. Petitioner either crossed through or printed the word "object" on many of the lines provided for reporting information and, except for $55.59 of interest, did not report income, or tax withheld, owing, or paid. Although petitioner and his wife signed the form, it was altered so that statements contained therein were not represented as being made under penalties of perjury. The Form 1040A submitted for 1981 showed petitioner's and his wife's names, their address, their social security numbers, their occupations, the number of exemptions claimed, and the names of their dependent children. The word "object" was typed on each line provided for reporting income and tax withheld or owing. The form was signed by petitioner and his wife. In his notice of deficiency, respondent determined that petitioner *395 had a net income of $17,926 and $19,718.50 for 1980 and 1981, respectively. Respondent also determined that petitioner was liable for self-employment tax for each of those years and further determined additions to tax under sections 6651(a), 6653(a), and 6654. OPINION As a preliminary matter, we note that the determinations made by respondent in his notice of deficiency are presumed correct and petitioner has the burden of proving otherwise. Welch v. Helvering,290 U.S. 111 (1933); Rule 142(a). The first, and principal, issue is whether petitioner had unreported income from self-employment in 1980 and 1981. Petitioner maintains that he is not self-employed but, rather, is an "independent contractor." He asserts that the compensation he received from TIS was consideration under a contract, received in an equal exchange for his labor. He concludes that he recognized no gain and, therefore, had no income Petitioner's contentions, which can be summarized as a restatement of the argument that wages are not income, have been considered and rejected by this and other courts. Eisner v. Macomber,252 U.S. 189 (1920); Abrams v. Commissioner,82 T.C. 403 (1984), *396 and cases cited therein; Rowlee v. Commissioner,80 T.C. 1111 (1983). Gross income means all income from whatever source derived, including compensation for services. Section 61(a). Gross income includes income realized in any form, whether in money, property, or services. Section 1.61-1(a), Income Tax Regs. Income as defined under the 16th Amendment is "gain derived from capital, from labor, or from both combined." Eisner v. Macomber,supra at 207. Clearly, the compensation received by petitioner from TIS is the "fruit of his labor" and therefore represents gain derived from labor which may be taxed as income. Abrams v. Commissioner,82 T.C. 403, 407 (1984). [4] Accordingly, we sustain respondent's determination.
We next consider whether petitioner's earnings are subject to self-employment tax for 1980 and 1981. Section 1401 imposes a tax on self-employment income. Subject to certain limitations, generally, self-employment income consists of the net earnings derived by an individual from a trade or business carried on by him. *397 Section 1.1401-1(c), Income Tax Regs. Petitioner herein was not an employee of TIS, but he performed services for TIS and was compensated therefor in 1980 and 1981. We do not find that petitioner's argument that he performed as an independent contractor and not as a self-employed individual presents a factual distinction that would exempt him from imposition of the self-employment tax.Section 1.1401(c), Income Tax Regs. Thus, we find that petitioner's earnings are subject to self-employment tax and we sustain respondent's determination on this issue. The next issue is whether petitioner is liable for additions to tax under sections 6651(a), 6653(a), and 6654. Section 6651(a) imposes an addition to tax for failure to file a timely return, unless it is shown that such failure is due to reasonable cause and not due to willful neglect. In order to constitute a return, a document need not be perfectly accurate or complete as long as it is sworn to as such, and evinces an honest and genuine endeavor to satisfy the requirements for a return. Jarvis v. Commissioner,78 T.C. 646 (1982), and cases cited therein; Reiff v. Commissioner,77 T.C. 1169, 1177 (1981); *398 United States v. Moore,627 F.2d 830, 834-835 (7th Cir. 1980). Further, it must contain sufficient information from which respondent can compute and assess the tax liability of a particular taxpayer. Reiff v. Commissioner,supra, and cases cited therein. A Form 1040 which fails to contain this data does not constitute a "return." Thompson v. Commissioner,78 T.C. 558, 561-562 (1982); United States v. Porth,426 F.2d 519 (10th Cir. 1970). We believe that the Forms 1040A filed by petitioner fail to satisfy the foregoing criteria for the following reasons. Section 6065 states that "any return * * * required to be made under any provision of the internal revenue laws or regulations shall contain or be verified by a written declaration that it is made under the penalties of perjury." Thus, petitioner had a duty under the statute to file tax returns with a verified signature. Sections 6061 and 6065; section 1.6065-1(a), Income Tax Regs. The form submitted to respondent for 1980 did not constitute a return because the declaration that it was completed and signed under penalties of perjury was obliterated. Cupp v. Commissioner,65 T.C. 68, 78-79 (1975), *399 affd. without published opinion 559 F.2d 1207 (3d Cir. 1977). Additionally, the Forms 1040A submitted for 1980 and 1981 disclose virtually no information with respect to petitioner's income and supplied no information with respect to the computation of petitioner's tax liability because petitioner either crossed out or inserted the word "object" on the lines provided on those forms for statements of his tax, payments, and balance due. Therefore, we find that the Forms 1040A filed by petitioner did not contain sufficient information from which petitioner's income tax liability for 1980 and 1981 could be computed, and they did not represent an honest and reasonable attempt to satisfy the requirements of the tax law. Thus, we conclude that the Forms 1040A filed by petitioner for 1980 and 1981 did not constitute returns. Petitioner, who bears the burden of proof on this issue (Rule 142(a)), introduced no evidence to show reasonable cause for his failure to file proper returns for the years here in issue. Accordingly, we sustain respondent's determination with respect to the addition to tax for 1980 and 1981, under section 6651(a) for failure to file a timely return. *400 Hatfield v. Commission,68 T.C. 895, 898 (1977). Section 6653(a)(1) [5] provides for an addition to tax if any part of any underpayment is due to negligence or intentional disregard of rules and regulations. Section 6653(a)(2) provides for an addition to tax in an amount equal to 50 percent of the interest payable under section 6601 with respect to the portion of the underpayment that is attributable to negligence or intentional disregard of rules and regulations and for the period beginning on the last date prescribed by law for payment. In this case, we have found that petitioner failed to file a return for 1980 or 1981. Petitioner, who bears the burden of proving that his underpayment was not due to negligence or intentional disregard of rules and regulations, (Rule 142(a); Bixby v. Commissioner,58 T.C. 757 (1972)), introduced no evidence on this issue. Moreover, for the tax years prior to 1980, petitioner demonstrated knowledge of his duty to file a return and of the proper reporting of income. Beard v. Commissioner,82 T.C. 766, 780 (1984), on appeal (6th cir. Sept. 24, 1984). We conclude that petitioner's underpayment *401 of tax was due to negligence or intentional disregard of rules and regulations. Accordingly, we sustain respondent's determination with respect to the additions to tax under section 6653(a). We also conclude, for purposes of the additions to tax under section 6653(a)(2), that all of petitioner's underpayment for each of the years at issue was attributable to negligence or intentional disregard of rules and regulations. Section 6654 imposes an addition to tax for underpayment of estimated tax. Where there has been a failure to pay or an underpayment of estimated tax, this addition is mandatory and no inquiry is made as to reasonable cause or lack of willful neglect. Bagur v. Commissioner,66 T.C. 817, 824 (1976). Petitioner paid no estimated tax and no taxes were withheld from his earnings during the years in issue.Further, petitioner introduced no evidence indicating that respondent erred in determining that additions to tax should be imposed under this section. Accordingly, we sustain respondent's determinations. Habersham-Bey v. Commissioner,75 T.C. 304, 319-320 (1982). Finally, we must consider whether *402 petitioner is liable for damages pursuant to section 6673. Section 6673 provides that the Court may award damages to the United States of up to $5,000 whenever it appears that the proceedings have been instituted or maintained primarily for delay or that the taxpayer's position is frivolous or groundless. Throughout the pre-trial proceedings and prior to the trial in this case, petitioner was informed that his position, a mere restatement of the "wages are not income" argument, is meritless. Despite knowledge that this Court previously has considered that argument and adjudged it frivolous and groundless, petitioner persisted in presenting it before the Court, thereby forcing the government (and therefore all taxpayers) to bear the expense of litigating a frivolous suit. Abrams v. Commissioner,82 T.C. 403, 408-413 (1984). We therefore award damages to the United States in the amount of $2,000. Accordingly, Decision will be entered for the respondent.
Footnotes
1. Unless otherwise indicated, all section references are to the Internal Revenue Code of 1954, as amended and in effect during the years here in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure. ↩
2. This section has been redesignated as section 6653(a)(1) for taxes the last date prescribed for payment of which is after December 31, 1981. ↩
3. Section 6653(a)(2), effective for taxes the last date prescribed for payment of which is after December 31, 1981, provides: There shall be added to the tax (in addition to the amount determined under paragraph (1)) an amount equal to 50 percent of the interest payable under section 6601-- (A) with respect to the portion of the underpayment described in paragraph (1) which is attributable to the negligence or intentional disregard referred to in paragraph (1), and (B) for the period beginning on the last date prescribed by law for payment of such underpayment (determined without regard to any extension) and ending on the date of the assessment of the tax (or, if earlier, the date of the payment of the tax.) Because neither assessment nor payment of the tax has occurred in this case, the period described in section 6653(a)(2)(B) has not yet closed, and therefore, the amount of the addition to tax under section 6653(a)(2) cannot be determined at this time. However, based upon the facts of this case, as discussed herein, for purposes of section 6653(a)(2)(A) we conclude that all of petitioner's underpayment for 1981 was attributable to negligence or intentional disregard of rules and regulations.↩
4. See Rice v. Commissioner,T.C. Memo. 1982-129↩, and cases cited therein.
5. See footnote 2, supra.↩