WILLIAM J. MORGAN, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent; SUSAN L. MORGAN, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Morgan v. Commissioner
Docket Nos. 13629-84, 13798-84.
United States Tax Court
T.C. Memo 1987-184; 1987 Tax Ct. Memo LEXIS 180; 53 T.C.M. (CCH) 527; T.C.M. (RIA) 87184; April 7, 1987. William J. Morgan, pro se. Ellen T. Friberg, for the respondent. CLAPP
MEMORANDUM FINDINGS OF FACT AND OPINION CLAPP, Judge: Respondent determined deficiencies in, and additions to, petitioners' Federal income taxes for the years 1980 and 1981. The issues for decision are: [1]
(1) Whether petitioners filed timely joint Federal income tax returns for the years 1980 and 1981; (2) Whether respondent is estopped from denying that the Forms 1040 filed by petitioners for the years 1980 and 1981 were valid returns; (3) Whether petitioners' liabilities for income tax for the years 1980 and 1981 may be computed on the basis of rates applicable to joint returns; (4) Whether petitioners are liable for additions to tax pursuant to section 6651(a)(1)[2] for failure to file timely returns and pursuant *183 to section 6654 for failure to pay estimated tax for the years 1980 and 1981; and (5) Whether petitioners are liable for additions to tax for negligence or intentional disregard of the rules and regulations for the years 1980 and 1981. FINDINGS OF FACT AND OPINION For purposes of convenience, our findings of fact and opinion are combined. Some of the facts have been stipulated and are so found. The stipulation of facts and attached exhibits are incorporated herein by this reference. Petitioners were domiciled in Elm Grove, Wisconsin at the time of the filing of their *184 petitions. This case appears to be before us for the sole reason that the Forms 1040 filed by petitioners for the taxable years 1980 and 1981, had the words above the signature lines "Under penalty of perjury" lined out. [3] These forms were filed on an otherwise timely basis and, as now stipulated by the parties, reported petitioners' income and deductions with substantial accuracy. Returns and Tax Rates
At trial, petitioner Susan Morgan denied that the perjury line had been crossed out when she signed the returns. Petitioner William Morgan, on the other hand, would only state that he had no recollection of deleting the perjury lines. We find petitioner William Morgan's less than definitive statement to be less than convincing. Petitioners bear the burden of proving the validity of the return. Rule 142(a). [4] We find that petitioner William Morgan has failed to demonstrate that he was not responsible for deleting the perjury lines on the Forms 1040 submitted by petitioners for 1980 and 1981. As will be explained infra, however, we believe that the *185 issue of whether petitioner Susan Morgan knew that the perjury lines had been deleted has, along with a number of other issues in this case, been rendered moot by a stipulation of the parties. A Form 1040 which is not signed under penalty of perjury does not constitute a valid return. Cupp v. Commissioner,65 T.C. 68, 78-79 (1975), affd. without published opinion 559 F.2d 1207 (3d Cir. 1977); Vaira v. Commissioner,52 T.C. 986, 1005 (1969), revd. on other grounds 444 F.2d 770 (3d Cir. 1971). See also Beard v. Commissioner,82 T.C. 766, 777 (1984), affd. 793 F.2d 139 (6th Cir. 1986). Therefore, the Forms 1040 filed by petitioners are not returns. Petitioners, nevertheless, argue that because several of respondent's agents dealt with the Forms 1040 submitted by petitioners for the years 1980 and 1981 and in communications with petitioners referred to the forms as returns, respondent is *186 estopped from denying that the forms were valid returns. Petitioners' argument is without merit. Respondent cannot be estopped from correcting a mistake of law. Automobile Club of Michigan v. Commissioner,353 U.S. 180, 183 (1957). The status of a document as a return for Federal income tax purposes is a question of law. Despite petitioners' arguments to the contrary, they may not now calculate their income taxes for the years in issue on the basis of rates applicable to married individuals filing joint returns. Section 1(a) provides that such rates are applicable to determine the tax imposed on "every married individual * * * who makes a single return jointly with his spouse under section 6013." Thus, in order for the tax rates provided in section 1(a) to be applicable, a joint return must be filed. Thompson v. Commissioner,78 T.C. 558, 561 (1982). The Forms 1040 submitted by petitioners for the years 1980 and 1981 (and the Form 1040X for 1980) were not valid joint returns and petitioners have not subsequently filed joint returns for either of these *187 years. Section 6651 and 6654 Additions
At trial, the record was left open for the parties to submit a stipulation setting forth the items of income, deduction, and credit which should have appeared on petitioners' returns for the years 1980 and 1981 if filed as joint or separate returns. This stipulation was filed with the Court shortly before the parties submitted their final briefs. The amounts set forth in this stipulation show that on a separate return basis, petitioner Susan Morgan had no taxable income during either of the years in issue and petitioner William Morgan had a tax imposed in 1980 which was less than the amount of tax withheld from his wages. It would appear that with respect to the 1981 taxable year, petitioner William Morgan did have a tax imposed in excess of the tax withheld from his income. [5]
*188 Section 6651(a)(1) imposes an addition to tax for failure to timely file a return unless the taxpayer shows that such failure was due to reasonable cause and not willful neglect. [6] This addition is based on a percentage of the "amount required to be shown as tax on [the] return," which amount is to be reduced by the amount of any credit against the tax which may be claimed on the return. [7] The tax required to be shown on the separate returns of petitioner Susan Morgan for the years in issue was zero. Petitioner William Morgan's separate return for 1980 would show a tax which was less than the amount of tax withheld on his income. Even if found to be applicable, therefore, the additions to tax for failure to file timely returns would nevertheless be zero with respect to petitioner Susan Morgan for the years in issue and with respect to petitioner William Morgan for his 1980 taxable year. As such, we consider the issue of whether the addition is applicable in such cases to be moot. With respect to petitioner William Morgan's 1981 taxable year, petitioners' have not shown that the failure to file was due to reasonable cause. Accordingly, we find that the addition to tax under *189 section 6651(a)(1) is applicable. *190 The section 6654 addition to tax for failure to pay estimated income tax is computed by applying an annual rate to the amount of the "underpayment" for the period of the underpayment. [8] The amount of the underpayment equals, where no return has been filed, 80 percent of the tax for such year over the amount of the installments paid on or before the due date for payment of such installments. [9] The tax withheld from a taxpayer's income is treated as a payment of estimated tax and, generally, an equal part of such withholding is treated as paid on each installment date. [10]
*191 Again, the amount of the underpayment upon which the addition is based is zero with respect to petitioner Susan Morgan for both of the years in issue. The issue of petitioner Susan Morgan's liability for this addition is therefore moot. With respect to petitioner William Morgan's 1980 taxable year, his deemed installment payments under section 6654(e), resulting from tax withheld on his income, exceed the amount of the installment payments due. Therefore, the section 6654 addition is not applicable to him for 1980. With respect to petitioner William Morgan's 1981 taxable year, the application of the section 6654 addition to tax is appropriate. Negligence or Intentional Disregard
Section 6653(a) imposes an addition to tax if any part of an underpayment is due to negligence or intentional disregard of rules and regulations. [11] The addition is equal to 5 percent of the underpayment for the year and where a return has not been filed, the amount of the underpayment is generally equal to the tax imposed (unadjusted by the amount of any tax withheld from the taxpayer's income). [12]
*192 As previously stated, the parties have now stipulated facts which show that petitioner Susan Morgan had no taxable income for either of the years in issue. Again, the applicability of this addition to petitioner Susan Morgan is a moot issue, as the amount of such addition would be zero. Because the tax withheld on petitioner William Morgan's income is not an offset to the base upon which this addition is calculated, the application of the addition to him is at issue with respect to both of the years in issue. On brief petitioners conceded that if we find that they did not file valid returns for the years in issue, petitioner William Morgan is subject to this addition. Decisions will be entered under Rule 155.
Footnotes
1. Initially, petitioner Susan Morgan's liability for self-employment tax for both 1980 and 1981 was in issue. The parties have since stipulated, however, that petitioner Susan Morgan had no self-employment income in 1980. Further, petitioners have conceded that, with respect to 1981, petitioner Susan Morgan is liable for self-employment tax based on self-employment income of $5,866, less self-employment tax payments made of $481 (figures stipulated by the parties). ↩
2. Unless otherwise indicated, all section references are to the Internal Revenue Code, as amended and in effect during the years in issue.↩
3. Petitioners also submitted to respondent a Form 1040X for the year 1980 which had the perjury line deleted.↩
4. Unless otherwise indicated, all Rule references are to the Tax Court Rules of Practice and Procedure.↩
5. The supplemental stipulation filed by the parties contains figures for petitioners' items of income, deduction, and credit on both an individual and joint basis. The figures shown on an individual basis for deductions resulting from rental property owned by petitioners are not consistent with the figures shown on a joint basis. The joint figures and the individual figures are consistent with respect to two of the three properties owned by petitioners and the joint figures are consistent with the Forms 1040 filed by petitioners for the year 1981 with respect to all three of the properties. The joint figures show a deduction for the Taylor property equal to $4,127. The sum of the figures shown for deductions with respect to the Taylor property on an individual basis is $16,159. We believe that the individual figures are erroneous and we will assume that the joint figures are correct. The stipulation shows that each petitioner was entitled to 50 percent of the deduction from this property and we will therefore treat each petitioner as being entitled to 50 percent of the deduction shown on a joint return basis for the Taylor property. As this assumption only bears on the amount of certain of the additions to tax determined with respect to petitioner William Morgan's 1981 taxable year, if appropriate the parties may correct our assumptions as part of the Rule 155 calculations.↩
6. Section 6651(a)(1) provides: (a) Additions to the Tax. -- In case of failure -- (1) to file any return * * * on the date prescribed therefor (determined with regard to any extension of time for filing), unless it is shown that such failure is due to reasonable cause and not due to willful neglect, there shall be added to the amount required to be shown as tax on such return 5 percent of the amount of such tax if the failure is for not more than 1 month, with an additional 5 percent for each additional month or fraction thereof during which such failure continues, not exceeding 25 percent in the aggregate; ↩
7. Section 6651(b)(1) provides: (b) Penalty Imposed on Net Amount Due. -- For purposes of -- (1) subsection (a)(1), the amount of tax required to be shown on the return shall be reduced by the amount of any part of the tax which is paid on or before the date prescribed for payment of the tax and by the amount of any credit against the tax which may be claimed on the return,↩
8. Section 6654(a) provided in the years in issue: (a) Addition to the Tax. -- In the case of any underpayment of estimated tax by an individual, except as provided in subsection (d), there shall be added to the tax under chapter 1 * * * for the taxable year an amount determined at an annual rate established under section 6621 upon the amount of the underpayment (determined under subsection (b)) for the period of the underpayment (determined under subsection (c)). ↩
9. Section 6654(b) provided during the years in issue: (b) Amount of Underpayment. -- For purposes of subsection (a), the amount of the underpayment shall be the excess of -- (1) The amount of the installment which would be required to be paid if the estimated tax were equal to * * *, if no return was filed, 80 percent * * * of the tax for such year, over (2) The amount, if any, of the installment paid on or before the last date prescribed for such payment. ↩
10. Section 6654(e) provided during the years in issue: (e) Application of Section in Case of Tax Withheld on Wages. -- For purposes of applying this section -- (1) The estimated tax shall be computed without any reduction for the amount which the individual estimates as his credit under section 31 (relating to tax withheld at source on wages), and (2) The amount of the credit allowed under section 31 for the taxable year shall be deemed a payment of estimated tax, and an equal part of such amount shall be deemed paid on each installment date (determined under section 6153) for such taxable year, unless the taxpayer establishes the dates on which all amounts were actually withheld, in which case the amounts so withheld shall be deemed payments of estimated tax on the dates on which such amounts were actually withheld.↩
11. Section 6653(a) provided during the years in issue: (a) Negligence or Intentional Disregard of Rules and Regulations With Respect to Income, Gift, or Windfall Profit Taxes. -- If any part of any underpayment (as defined in subsection (c)(1)) * * * is due to negligence or intentional disregard of rules and regulations (but without intent to defraud), there shall be added to the tax an amount equal to 5 percent of the underpayment. This provision was redesignated as section 6653(a)(1)↩ applicable to taxes the last date prescribed for payment of which is after December 31, 1981. Sec. 722(b)(1), Pub. L. 97-34, 95 Stat. 172, 342, 343. 12. Section 6651(c)(1) defines an underpayment for purposes of that section as a "deficiency" as defined in section 6211, except that if the return is not filed on a timely basis the amount shown on such return is to be treated as zero. Section 6211(a) provides: (a) In General. -- For purposes of this title * * * the term "deficiency" means the amount by which the tax imposed * * * exceeds the excess of -- (1) the sum of (A) the amount shown as the tax by the taxpayer upon his return, if a return was made by the taxpayer and an amount was shown as the tax by the taxpayer thereon, plus (B) the amounts previously assessed (or collected without assessment) as a deficiency, over -- (2) the amount of rebates, as defined in subsection (b)(2), made. Section 6211(b)(1)↩ provides, inter alia, that for purposes of that section the tax imposed and the tax shown on the return are both to be determined without regard to tax withheld on the taxpayer's income or payments of estimated tax made by the taxpayer.